WALTER RAY, APPELLANT, v. JOHN TRICE, RECEIVER, AP-PELLEE.

RECEIVER—GRANTING AND REVOKING LEAVE TO BE SUED—INJUNCTION AGAINST RECEIVER OF ANOTHER COURT.

1. An injunction order, made by the judge of one judicial circuit in a cause pending in his circuit, restraining and enjoining a receiver appointed by the judge of another judicial circuit in a cause pending within the jurisdiction of the latter from applying to the judge whose receiver he is for a writ of restitution of possession of real estate, or for any other remedial process affecting the property in his custody as receiver, is ill-advised, irregular and without authority.

2. The power to appoint a receiver and to grant leave that he shall be sued as a defendant in the forum of his appointment, or in that of any other jurisdiction, carries with it, as a necessary concomitant, the authority to revoke such leave to sue him.

3. Where leave is granted by a court appointing a receiver that he may be made a party defendant to litigation pending within another court of equal and co-ordinate jurisdiction with the one who appointed such receiver, and after such receiver is made a party defendant to such litigation pursuant to such leave granted, the party complainant in such litigation amends his bill and procures from the judge within whose jurisdiction it is pending an order of injunction restraining and enjoining such receiver from making any application to the judge whose receiver he is looking towards procuring possession of the property in litigation, the judge who appointed such receiver and who granted leave that he should be sued, may properly by rule require the party procuring such injunction to have the same dissolved by a short day to be named, and, in default thereof, may properly revoke the prior leave granted to make such receiver a party defendant to such litigation.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Hillsborough County.

## STATEMENT.

In a proceeding by bill in equity brought by the comptroller of the state against The St. Petersburg State Bank, a Florida corporation, in the circuit court of Hillsborough county in the 6th judicial circuit, designed to wind up the affairs of said bank, John Trice, the appellee herein, was appointed receiver of all the effects of said defunct bank, with authority to take charge and possession of all of its properties and assets, and to receive and collect all outstanding debts and obligations due said

55—SC

bank and to take any and all steps or actions necessary to close up its affairs. Among the assets of said bank that came to the hands of said receiver was a mortgage upon divers tracts of land located in the counties of Pasco, Marion, Sumter, Hernando and Citrus, executed by The Globe Phosphate Mining and Manufacturing Company to the said bank as trustee to secure $100,000 of bonds of said phosphate company. This mortgage was foreclosed by bill in equity in the circuit court of Pasco county in the 6th judicial circuit, as is authorized to be done, where mortgaged lands are located in two or more counties, by section 1989, Revised Statutes of 1892, as amended by chapter 4420 laws of 1895. The mortgaged property was sold under the decree of foreclosure by a master in chancery appointed and authorized for that purpose, and by the authority of an order of the court the said Trice as receiver was empowered to become the purchaser of the mortgaged property, including that part thereof located in Citrus county, which county forms part of the 5th judicial circuit of the state, and to take a deed thereto from the master making the foreclosure sale to himself as receiver, in order to be in a position to make more advantageous disposition thereof by private sale. The purchase by the said Trice as receiver at said foreclosure sale was confirmed by an order made by the judge of the circuit court in and for Pasco county in the 6th judicial circuit and the master ordered to execute to him as receiver a deed to the lands so purchased, which was done. Thereafter the said Trice as receiver, on application to the judge of the 6th judicial circuit in said foreclosure proceedings, obtained a writ of assistance from the judge of the 6th judicial circuit under which he was put into possession of the land located in Citrus county in the 5th

judicial circuit that had been conveyed to him by the said master's deed.  Thereafter Walter Ray, the appellant herein, upon the ground that he was in the adverse possession of this land in Citrus county under a claim of title thereto, and that he had not been made a party to the foreclosure proceedings under which the said Trice as receiver purchased the same, and that he had no notice of the application by said Trice for the writ of assistance to obtain possession thereof, made application to the judge of the 6th judicial circuit in said foreclosure cause to have said writ of assistance vacated and annulled. This application was denied, and upon an appeal to this court from such denial the same was reversed, with directions to vacate such writ of assistance and to restore the said Ray to the possession of which he had been deprived thereby.  Ray v. Trice, Receiver, 49 Fla. 375, 38 South. Rep. 367.  In August, 1903, the said Walter Ray filed his bill in equity in the circuit court of Citrus county in the 5th judicial circuit, against the Williams Phosphate Company and divers others, including the said Trice as receiver, for the purpose, among other things, of canceling the deed made to said Trice as receiver by the master in chancery in said foreclosure cause.  This suit was subsequently dismissed as to said Trice as receiver upon the application of said Trice upon the ground that no leave of the court whose receiver he was had been obtained to sue him as such receiver in such proceeding. Subsequently, on the 9th of August, 1904, upon a petition addressed to the judge of the circuit court in and for Hillsborough county, in the 6th judicial circuit, by the said Walter Ray and filed in the cause in which the said Trice had been appointed as receiver, the judge of the 5th judicial circuit, acting for and instead of the judge

of the 6th judicial circuit during the absence of the latter from this circuit, made an order granting leave to the said Walter Ray to make the said Trice as receiver a party defendant to his said bill then pending in the circuit court of Citrus county, in the 5th judicial circuit, against the said Williams Phosphate Company and others, involving the lands in said Citrus county that had been purchased by said Trice as receiver at said foreclosure sale. On June 2nd, 1905, on the *ex parte* application of the said Walter Ray, and without notice to the said Trice, he was permitted by an order of the judge of the 5th judicial circuit in and for Citrus county, to amend his bill there pending against the Williams Phosphate Company and others, including the said John Trice as receiver, by the addition of new charges and a prayer for injunction against the said Trice as receiver, to restrain him as such receiver, from making any other or further application to the judge of the 6th judicial circuit, whose receiver he was, for a writ of assistance to obtain possession of the land in Citrus county included in his purchase at said foreclosure sale.

On June 7th, 1905, upon such amended bill, upon an *ex parte* application therefor, and without notice to the said Trice as receiver or otherwise, the judge of the 5th judicial circuit in and for Citrus county made an order restraining and enjoining the said Trice as receiver from taking any further steps to obtain a writ of assistance from the judge of the 6th judicial circuit for securing possession of said land lying in Citrus county. Subsequently, on July 8th, 1905, on a petition filed by the said Trice as receiver, in the circuit court of Hillsborough county, in the 6th judicial circuit, in the cause in which he had been appointed receiver, setting forth the above

facts, the judge of said 6th judicial circuit issued an order in form a rule against the said Walter Ray, requiring him on the 13th day of July, 1905, to show cause, if any he could, before the said judge of the 6th judicial circuit, why he, the said Ray, should be required to have the said injunction against said Trice as receiver vacated and dissolved, or in default of his so doing, why the order permitting said Ray to make said Trice as receiver a party defendant to his said suit in Citrus county should not be revoked. The said Ray both demurred to and aswered this petition in response to the rule granted thereon.

On April 9th, 1906, the matter came on for hearing before the judge of the 6th judicial circuit, on which day the said judge granted an order making said rule absolute, thereby peremptorily requiring the said Walter Ray to have said injunction obtained by him against said Trice as receiver in his said suit in Citrus county, in the 5th judicial circuit, vacated and dissolved as to said Trice within ten days, and in default thereof that then the said order theretofore made granting leave to the said Ray to make the said Trice as receiver a party defendant to his said suit, should stand revoked and annulled and of no further force or effect. From this order this appeal is taken.

*H. L. Anderson,* for Appellant;

*Gunby* & *Gibbons,* for Appellee.

TAYLOR, J. (*after stating the facts*) : The facts of this case are anomalous. We have been unable to find another case exactly like it, and will, therefore, have to solve it by the application of general principles.

*En passant* we will say that it would have been more strictly consonant with the rules of judicial comity had the judge of the 5th judicial circuit recused himself from making the order in the place and stead of the judge of the 6th judicial circuit during his absence from his circuit, granting leave to Walter Ray to sue the receiver Trice, inasmuch as the suit to which said receiver was thereby permitted to be made a party defendant was pending within the judicial circuit presided over by him, the said judge of the 5th judicial circuit. The order of injunction also made by the judge of the 5th judicial circuit whereby the receiver appointed by the judge of the 6th judicial circuit in a cause pending within his jurisdiction, was restrained and enjoined from making any application to the judge whose receiver he was, looking towards securing possession of the property to which he had claims as such receiver, was altogether ill-advised, irregular, and without authority, and tended directly to bring about that unseemly conflict of jurisdiction between two courts of the same state of equal and co-ordinate jurisdiction within their respective territories, to prevent which is one of the chief foundations for the rule requiring the obtainment of the leave of the court appointing a receiver as a prerequisite to the right to sue such receiver either within the jurisdiction of his appointment, or in any other forum. Winfield v. Bacon, 24 Barb. (N. Y.) 154. It seems to be well settled that the power to appoint a receiver and to grant leave that he shall be sued as a defendant in the form of his appointment or in that of any other jurisdiction, carries with it as a necessary concomitant the authority to revoke such leave to sue him. Henderson v. Walker, 55 Ga. 481; Central Trust Co. v. Wabash, St. L. & Pac. Ry. Co., 26 Fed. Rep. 74; Meredith

Village Savings Bank v. Simpson, 22 Kan. 414.  Before the order was granted giving leave to the appellant Ray to join the receiver Trice as a party defendant to his suit in Citrus county, in the 5th judicial circuit, there was no intimation of any design upon the part of Ray to amend his bill and to apply for the unique order of injunction restraining the receiver from applying to the court whose receiver he was for relief touching the properties in his official hands, but this feature of the proceeding was sprung upon him after the consent in the name of the court of his appointment had been obtained that he should be made a party defendant in the cause pending within another jurisdiction.  Under these circumstances the judge of the 6th judicial circuit, whose receiver Trice was, had no authority himself to dissolve the injunction granted by and pending in another jurisdiction against his receiver, however, improvident such injunction might be, but all that he could properly and authoritatively do in the premises was done when he required the complainant Ray, who had obtained the injunction against his receiver, to have the same dissolved within and by the forum that had granted it, under the penalty of a revocation of the order granted to him permitting him to join such receiver as a party defendant to his suit in which such order of injunction was made.

The decree appealed from is hereby affirmed at the cost of the appellant.

COCKRELL, WHITFIELD and PARKHILL, concur;

SHACKLEFORD, C. J., and HOCKER, J., disqualified.