JOHN W. COLE, *Appellant* v. W. H. LEE, *Appellee.*

A writ of assistance will not be awarded against a stranger who innocently purchases property pending foreclosure of which he has no actual knowledge and when the statutory lis pendens notice has not been filed.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Alachua county

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton,* for Appellant;

*Carter & Layton,* for Appellee.

WHITFIELD, J.—In the Circuit Court for Alachua

county W. H. Lee foreclosed a mortgage upon real estate given by George B. Rose.   No lis pendens notice of the foreclosure suit was filed under the statute.   Pending the foreclosure proceedings John N. Cole purchased the property and received a conveyance thereof from the mortgagor Rose without notice of the foreclosure proceeding instituted by W. H. Lee against Rose, and was not made a party to such foreclosure proceedings.   A master's deed to the property was made to W. H. Lee, and possession was refused by Cole.   Lee presented a petition for a writ of assistance to put him in possession of the property.   Cole answered admitting the foreclosure and sale confirmed by the court, and a demand for possession of the premises held by him by virtue of his conveyance from Rose, and averring that he was not made a party to the foreclosure suit, that no notice of lis pendens was filed in the suit 'as required by the statute, that he had no actual notice of the suit at the time of his purchase, nor until after decree pro confesso and could not then intervene; that the mortgage is void and the foreclosure proceedings are void for reasons stated. This answer was held to be insufficient and a writ of assistance was ordered to be issued.   On appeal Cole urges the sufficiency of his answer as a defense against the writ of assistance.

Section 1649 of the General Statutes provides that: "No suit at law or in equity shall operate as a lis pendens as to any property involved therein until there shall have been filed in the office of the Clerk of the Circuit Court of the county where the property is situated, and shall have been recorded by him in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is

pending, a description of the property involved, and a statement of the relief sought as to such property."

This statute does not effect the lien of a duly recorded mortgage upon real estate, but by its express and comprehensive provisions the effect of the institution of the suit as a lis pendens notice binding on all those who acquire rights in the property affected by the suit is avoided unless the notice of the institution of the suit is filed and recorded as required by the statute. If Cole is a purchaser without notice of the legal title to the property pending foreclosure and was not made a party to the foreclosure proceedings with opportunity to assert his rights, and no lis pendens notice of the foreclosure suit was filed and recorded as required by the statute he cannot be deprived of his rights to redeem the property from the mortgage and to retain possession of the property pending proper legal proceedings to settle the rights of the respective parties. The complainant in the foreclosure proceedings having failed to file notice of the institution of the suit as expressly provided by the statute the foreclosure suit is not of itself a lis pendens, and Cole cannot be ousted of his possession except in proper proceedings in which Cole will have an opportunity to assert his rights under the conveyance of the property to him pending the foreclosure proceedings as to the institution of which no notice was filed as required by the statute so as to bind all parties acquiring an interest in the property pending the foreclosure proceedings.

The order awarding the writ of assistance is reversed and the cause is remanded.

TAYLOR, COCKRELL, HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, J., dissents.

TAYLOR, J., (*concurring*.)

I concur in the opinion prepared by the Chief Justice in this case. Prior to the adoption of section 1649 of our General Statutes parties purchasing real property involved in pending litigation took the same subject to the result of such litigation and were bound by the ultimate judgment in such litigation, but the effect of the enactment of this statute changes this rule, so that a purchaser of real estate involved in a pending suit either at law or in equity is not affected by such suit and will not be bound by its result, unless his purchase of the property was made subsequently to the filing and record of the notice of lis pendens as provided by such statute. The effect of such statute is to prescribe a statutory mode of promulgating notice to the world of the fact of the pendency of litigation affecting any specific piece of property, and if the parties to such litigation desire that third persons who are not parties thereto shall be bound by such litigation or by its result, they must comply strictly with the provisions of such statute as to the filing and recording of such notice of *lis pendens*. In the absence of such lis pendens notice in the instant case the appellant purchaser of the property, Cole, took the same unaffected by such foreclosure proceedings. He stands towards the property in the same attitude as though no foreclosure proceedings of the existing mortgage had ever been instituted. His attitude is that of a purchaser of property that is subject to a prior existing mortgage of record, which mortgage he has the right to redeem, and he can be divested of such right only by a foreclosure thereof against him.