WALTER RAY, *Appellant*, v. WILLIAM HOCKER, TRUSTEE, *Appellee*.

Opinion Filed March 5, 1913.

Failure to record a *lis pendens* in foreclosure proceedings, does not destroy the right to a writ of assistance as against one with actual knowledge of the suit who secretly acquired a voluntary conveyance of the property from the mortgagor and does not record the deed of conveyance until after final decree in the foreclosure suit.

Appealed from the Circuit Court for Pasco County.

Decree affirmed.

*Wall & McKay, H. M. Hampton, H. L. Anderson* and *E. J. L'Engle,* for Appellant;

*E. R. Gunby* and *J. F. Glen,* for Appellee.

WHITFIELD, J.—On March 3, 1902, a final decree was filed in a foreclosure proceeding begun in 1895 in Pasco

County covering, besides other property, lands lying in Citrus County. On January 5, 1903, the lands were sold under the decree of foreclosure to the receiver of a bank that had been the trustee for the mortgage bond holders. The sale was confirmed and a deed of conveyance executed and delivered by the master to the receiver on March 2, 1903. Walter Ray, who was then in possession of the lands, refused to deliver possession to the holder of the master's deed of conveyance. In November, 1907, William Hocker, as substituted trustee for the mortgage bond holders, by petition applied for a writ of assistance against Ray. A demurrer was interposed to the petition on grounds in effect that William Hocker, as trustee, has no right to maintain the proceeding; that the defendant, Ray, is not bound by the decree of foreclosure, and is not a mere intruder or trespasser; that the rights of petitioner if any ever existed have been lost by laches in applying for the writ of assistance. The demurrer was overruled. Ray answered in effect that since December, 1901, except for a few months he has been in actual possession of the land claiming under a conveyance from Sallie M. McKay, who in November,, 1901, obtained title from the Globe Phosphate M. & M. Co., the mortgagor defendant in the foreclosure suit then pending; that the foreclosure decree is void for want of jurisdiction in the court; that no *lis pendens* was filed under the statute; that he had no notice or knowledge of the foreclosure suit; that he paid a valuable consideration for the lands; that he was not actually or constructively a party to the foreclosure suit and is not a mere intruder or trespasser, but is in possion and claims title superior to the purchaser at the foreclosure sale; that he gave notice at the sale of his claim, and the purchaser had full knowledge and notice

of defendant's claim; that for a short period of time the defendant was ousted from the land by judicial process, but was restored; that the purchaser at the foreclosure sale had before the service of the writ of assistance sold and conveyed his rights therein to stated persons. Other averments of the answer are not essential here. Testimony was taken, a writ of assistance awarded and defendant appealed. Errors are assigned on the order overruling the demurrer to the petition and on the decree awarding the writ of assistance.

It is not necessary to discuss here the requisites of a petition for a writ of assistance or the technical rights of the appellee to maintain proceedings for the writ, since upon a full consideration of the entire record it is clear the appellant Ray has no rights in the lands in controversy as against the judgment creditor or the purchaser at the foreclosure sale; and even if the title acquired by the receiver of the trustee for the mortgage bond holders who purchased at the sale has been transferred, the trustee has an interest in having the possession awarded to the holder of the legal title under the sale, and Ray is not in a position to controvert the right of the trustee to a writ of assistance. The delay in applying for this writ of assistance appears to be accounted for by a previous application reviewed by the court in Ray v. Trice, 48 Fla. 297, 37 South. Rep. 582; same in 53 Fla. 864, 42 South. Rep. 901.

The deeds of conveyance from the original mortgagor, the Globe Phosphate M. & M. Co., to Mrs. McKay, and from Mrs. McKay to Ray were not filed for record until January 5, 1903, several months after the final decree in the foreclosure suit was rendered, and the same day the sale under the decree took place.

Unless Ray was a bona fide purchaser of the property

for value and without notice of the rights of the judgment creditor and purchaser under the foreclosure decree, he has no defense to the writ of assistance.

Section 1649 of the General Statutes of 1906 provides that: "No suit at law or in equity shall operate as a lis pendens as to any property involved therein until.there shall have been filed in the office of the clerk of the circuit court of the county where the property is situated, and shall have been recorded by him in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is pending, a description of the property involved, and a statement of the relief sought as to such property." This statute operates as constructive notice of pending litigation when its terms are complied with, but it does not affect or interrupt the operation of other provisions and principles of law applicable to property rights that are involved in litigation. In this case it is admitted that no *lis pendens* was filed and recorded as is required by the statute; but if a purchaser of the property pending the litigation had actual knowledge of the litigation or does not pay value for it, or if he does not comply with the statute, Section 2480, Gen. Stats., requiring conveyances of land to be recorded before they are good as against creditors or subsequent purchasers for value and without notice, such purchaser pending litigation is not protected against the conse quences of the pending litigation or the rights of creditors and subsequent purchasers under judicial process. The decree in this case was rendered and recorded long before the conveyances under which Ray claims were recorded, and it does not appear that the lien creditor under the foreclosure decree had any notice or knowl-

edge of the conveyances by which the title is claimed to have passed from the judgment debtor.   Under these circumstances the decree binds the lands as against Ray even though Ray gave notice of his claims at the sale. Mandsfield v. Johnson, 51 Fla. 239, 40 South. Rep. 196, 120 Am. St. Rep. 159; Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797.  In Cole v. Lee, 57 Fla. 387, 49 South. Rep. 1017, the purchaser had no actual knowledge of the litigation.  In Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356, the conveyance had been filed for record before the judgment was obtained, but it was defectively recorded.   The conveyance was, however, properly recorded before the sale under the decree, and such constructive notice to the purchaser held him to notice of the conveyance as of the date it was filed for record, since under the statute a conveyance is deemed recorded from the date of the filing for record.   Sec. 2488, Gen. Stats. of 1906.  See also Hunter v. State Bank of Florida, decided at this term.

In addition to this, there is evidence that Ray knew, or reasonably should have known, that Mrs. McKay was not a purchaser for value from the mortgagor, and that Ray knew of and assisted in maintaining the litigation over the mortgage after the conveyance was made to him and that his payments were small and were used in the litigation, and that Ray had no possession of the lands at the date of the decree.   Even though no *lis pendens* was filed to afford constructive notice of the mortgage foreclosure proceedings Ray had actual knowledge of the litigation at least after he took his alleged conveyance and had knowledge of his grantor's lack of real beneficial interests and did not record the conveyances under which he claims till after the decree of foreclosure became effective, consequently Ray had no

rights in the property that would require him to be made a party to the foreclosure proceedings, or that would protect Ray from the rights of the judgment creditor or purchaser, or from the operation of the writ of assistance, even if it can be said Ray furnished a valuable consideration for the conveyances under which he claims.

The decree awarding a writ of assistance is affirmed.

TAYLOR AND COCKRELL, J. J., concur.

SHACKLEFORD, C. J., AND HOCKER, J., take no part.