INVESTMENT REGISTRY, Limited, v. CHICAGO & M. ELECTRIC R. CO. et al. WESTERN TRUST & SAVINGS BANK et al. v. SAME. FILER & STOWELL CO. v. WESTERN TRUST & SAVINGS BANK et al.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1918.)

No. 2521.

1. RECEIVERS ☞173—RECEIVERSHIP PROCEEDINGS—REVOCATION OF PERMISSION TO SUE IN ANOTHER STATE.

Where the federal District Court, through its receivers, was in complete possession of all of the property of a railroad company against which a creditors' bill had been filed, that court, after having granted permission to a party to sue in the state court, may, it appearing that such litigation would not be for the benefit of the res, which was in the possession of the federal court, revoke the permission; there being no question of comity.

2. RECEIVERS ☞173—PERMISSION TO SUE IN STATE COURT—REVOCATION.

Where one claiming to be an unpaid vendor obtained permission from the federal court, in which receivership proceedings against the purchaser corporation were pending, to sue in the state court, held, that revocation of the permission was not an abuse of discretion; it appearing that the alleged unpaid vendor had received bonds from the purchaser and that the validity of such bonds was involved in a proceeding consolidated with the receivership.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by the Investment Registry, Limited, against the Chicago & Milwaukee Electric Railroad Company and others, consolidated with proceedings by the Western Trust & Savings Bank and others and by the Filer & Stowell Company. From an order vacating a previous order allowing the Filer & Stowell Company to sue in the state court, that company appeals. Affirmed.

The appeal is from an order of the District Court restraining appellant from further prosecution of an action it had commenced in the Wisconsin state court against certain receivers theretofore appointed in the District Court in an action there pending, and vacating an order of the District Court authorizing the state court suit. The District Court suit was a general creditors' bill against the Chicago & Milwaukee Electric Railroad Company, filed January 28, 1908, by the Sovereign Bank of Canada, asking for the administration of the assets of that company for the benefit of creditors, the determination of liens, and appointment of receivers, and accordingly on that day receivers were duly appointed, who took possession of all the property of the railroad. The suit in the state court was brought by leave granted appellant by the District Court March 27, 1908. to bring an action in the state court against the receivers, to establish an alleged vendor's lien on certain described real estate theretofore sold by appellant to the railroad company, and which had passed to the receivers by virtue of their appointment. In the petition for leave to sue in the state court it was represented that the petitioner (appellant) had sold the real estate to the railroad company for the sum of $160,000, which amount was unpaid, and that it was entitled to an equitable vendor's lien therefor upon the property it so sold.

The suit in the state court was promptly begun, but shortly thereafter the receivers moved in the District Court for vacation of the leave which had been granted to begin the suit. The motion to vacate was denied, and thereupon the receivers filed their answer in the state court proceeding, wherein it was alleged that the railroad company had fully paid appellant the consideration for the property. Appellant then filed in the state court suit an amended complaint wherein it set up for the first time that in purported payment of the consideration the railroad company had given it $160,000 of its bonds of an issue of $10,000,000 theretofore given by the railroad company and secured by a mortgage upon its property, and it was further alleged that the bonds so received by it were accepted as the result of fraudulent misrepresentations on the part of the railroad company, and it was further alleged that such entire bond issue, including the bonds so turned over to appellant, was void because in transgression of the statute of Wisconsin which made it essential to the validity of corporate bonds that they represent in actual money or property passing to the corporation on account of this issue, not less than 75 per cent. of their par value, and in such amended petition lien was asked not only upon the property conveyed, but upon the entire railroad property then in the possession of the District Court. The receivers and the trustee under the $10,000,000 mortgage filed answers to the amended petition.

In 1908, after the filing of the amended petition in the state court, the Investment Registry, Limited, a Canadian corporation, a holder of others of these bonds, filed its bill in the District Court alleging default in the payment of interest on the bonds, asking foreclosure of the mortgage, and praying that the receivership then pending be extended to include the matters which its bill involved. Shortly afterwards there was an order of the District Court consolidating these causes there pending, and in April, 1909, the trustees under the mortgage filed in the District Court their cross-bill in said consolidated action for foreclosure of the mortgage. In December, 1908, appellant began taking depositions in the state court suit, and this continued at intervals till February, 1910, when the receivers presented a petition to the District Court in the alternative, asking for the vacation of the order of March 27, 1908, giving leave to sue in the state court, or enjoining appellant from offering evidence in the state court suit on the question of the validity of the bond issue. It seems this petition was not passed upon, but that later, in April, 1911, the trustees under the mortgage presented their petition to

vacate the order giving leave to sue the receiver in the state court, and to en-join appellant from further prosecuting any suit to establish its lien, elsewhere than in the District Court. This petition was heard in 1913, and was granted March 19, 1917. In the meantime the consolidated suits and cross-suits in the District Court had proceeded to hearing and decree, in which a sale of the property was ordered, and the sale had taken place and was approved. One of the questions litigated and determined in the District Court was that of the validity of the $10,000,000 bond issue, the decree finding it valid. The order of March 19, 1917, which is the one appealed from, vacated the previous order granting appellant leave to sue in the state court, and enjoined appellant from prosecuting its suit there, or its claim for a lien, in any court other than the District Court, gave appellant permission to file its claim for its alleged vendor's lien or other claim it may have, nunc pro tunc as of March 28, 1908 (the date of commencement of its suit in the state court), and provided that all depositions taken for use in the state court suit might be used as evidence in the District Court, and that stipulations of counsel entered into in that court would be deemed stipulations in the federal court. Aside from the taking of the depositions, no proceedings were had in the state court suit.

The decree under which the property was sold provided that the sale be made subject to the priority of various claims, which were reserved for the future consideration and determination by the court, in case any such claims should hereafter be sustained, and so far as the court shall adjudge and decree, among them the claim of appellant.

George P. Miller and J. Gilbert Hardgrove, both of Milwaukee, Wis., for appellant.

Lessing Rosenthal, of Chicago, Ill., for appellees.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). In our view this controversy presents two questions: First, did the commencement of the suit in the state court pursuant to the order of the District Court granting leave to that end, preclude the District Court from thereafter recalling its leave to sue there, and taking jurisdiction of the subject-matter of that suit; and, second, in case the first proposition is negatively determined, was there any such impropriety in the action of the District Court vacating the order for leave and enjoining appellant from prosecuting its claim for lien elsewhere than in the federal court, as would require reversal of the order of vacation and restraint?

[1] It must be conceded that the District Court was, through its receivers, in complete possession of all the property of the railroad company, and had exclusive jurisdiction of the res. The prime end to be served is the due and proper conservation of the property in the hands of the court, in order that there may be prompt and proper administration thereof for the benefit of all having any interest therein. If at any stage of the proceedings the court deems it proper and advisable that any demand or question be litigated elsewhere than in the federal court, it can authorize such litigation to be elsewhere instituted. But neither on principle nor authority does it follow that the court granting the leave to sue may not recall it, if before adjudication in such other tribunal the court granting the leave shall consider, either because of facts subsequently arising, or of new light coming to it as to then existing conditions, it would best subserve the due administration of the estate to recall the granted leave.

Under such circumstances there is involved no question of comity between different courts, but only that of the best interest of the estate which the court is administering. In New York Security, etc., v. Illinois, etc., R. R. Co., 104 Fed. 710, 44 C. C. A. 161, this court referring to an order for leave to sue in the state court said "such an order is discretionary and administrative, and therefore, in the opinion of the court, is not appealable." The order granting leave is not final in the sense that thereby a definite status is fixed. In Board of Com'rs v. Peirce (C. C.) 90 Fed. 764, it appears leave was granted by the federal court to sue its receiver in the state court. The receiver petitioned to remove the suit from the state court to the federal court which had granted the leave. In retaking and holding jurisdiction of the action Taft, Circuit Judge, said:

"If he [the receiver] deems it wise, in the interest of the trust, to remove the suit to the jurisdiction to which the law gives him the right to remove it, there is nothing in the preliminary consent of the court appointing him which will prevent his taking such a course."

The Supreme Court of Florida passed upon a somewhat similar situation, where leave to sue elsewhere than in the court of the receiver's appointment had been revoked. It said:

"It seems to be well settled that the power to appoint a receiver and to grant leave that he shall be sued as a defendant in the forum of his appointment, or in that of any jurisdiction, carries with it as a necessary concomitant the authority to revoke such leave to sue him." Ray v. Trice, 53 Fla. 864, 42 South. 901.

If it appeared that any issue in the litigation had been determined by the state court in which the action was brought, pursuant to the leave granted, a different question might be presented. We are of opinion that under the circumstances the order granting leave to sue the receiver in the state court was revocable at the discretion of the court which granted it, and that the order revoking the leave and enjoining appellant from prosecuting the lien elsewhere than in the District Court was a proper order to be entered, unless from all the facts appearing the District Court abused its discretion in that regard.

[2] From the statement of facts it is apparent to us, not only that there was no such abuse of discretion, but that the course pursued was advisable under the circumstances. The petition upon which the order appealed from was entered was filed after it developed by amendment of the state court action, and depositions taken therein, that in the state court it was undertaken to invalidate the mortgage and all the bonds it secured, an issue which was the very essence of the controversy pending in the District Court. In the District Court the validity of the mortgage and the bonds was attacked, and was the subject of a fierce contest there; and it was proper that all issues and all litigation directly or indirectly involving such questions should be settled in the court which had possession of and was administering the property itself.

If in the matter of expense or convenience appellant is prejudiced by the order, the District Court is empowered to make such adjustment as equitable considerations would suggest; but we are aware

of no complaint as to the fairness and equity of the conditions imposed by the order, under which, if appellant desires to avail itself thereof, no apparent hardship can accrue to it, beyond the substitution of one court for another to hear and determine its rights.

The order is affirmed.