Otto W. HEIDER, Appellant,

v.

Samuel A. McALLISTER, Trustee in Bankruptcy of the Estate of Rand Truck Line, Inc., Appellee.

No. 15646.

United States Court of Appeals
Ninth Circuit.

Sept. 29, 1958.

---

William E. Dougherty, Jack H. Cairns, Portland, Or., for appellant.

C. X. Bollenback, F. Brock Miller, Portland, Or., for appellee.

Before FEE and HAMLIN, Circuit Judges, and BOWEN, District Judge.

JAMES ALGER FEE, Circuit Judge.

The sole question in this case is whether a Referee in Bankruptcy has jurisdiction to determine the validity of an alleged secured claim on property in possession of the Bankruptcy Court, irrespective of the fact that the Bankruptcy Court has permitted the Trustee to bring action against the claimant and others in the state court for the recovery of certain corporate funds used by officers and directors of the bankrupt and alleged to have been delivered to claimant.

The Referee had issued an order to Heider to show cause why certain property of bankrupt in custody of the court should not be sold free of liens. Heider, in response, filed proof of a secured claim thereon with mortgage and notes attached. A hearing was had and, with consent of Heider, an order of sale, free from any claim of mortgage, was entered. The certificate of the Referee states this order was conditioned "providing that the proceeds of the sale be impressed with the lien of such mortgage or claimed mortgage, the court expressly reserving the right and power to determine the validity or amount due upon such mortgage." The record bears out the statement of the certificate. The order authorizing sale impressed a lien upon the proceeds and contained a like proviso.

The sale was held, and the proceeds have since been in custody of the bankruptcy court.

An order was also entered authorizing the Trustee to bring suit in the state courts against the officers and directors of bankrupt corporation and Heider for the recovery of corporate funds used by such officers and directors and alleged to have been delivered to Heider in an attempt to pay personal obligations owing by them to him. The suit was commenced in the state court by the Trustee pursuant to the authorization.

Heider eventually filed a counterclaim seeking to foreclose the identical note and mortgage which are the basis of his claim filed in the Bankruptcy Court. To this

pleading the Trustee filed a plea in abatement on the ground that this claim was pending for adjudication in the Bankruptcy Court.

After some seven years, the action is still pending in the state court, and no determination of any issue has been made therein.

Objections to the claim of Heider were thereafter filed in the bankruptcy proceedings, and a motion to dismiss the objections "on the ground that the Bankruptcy Court is without jurisdiction to entertain these objections because the same matter has been submitted to the" state court.

The motion was denied on the ground that the Bankruptcy Court could not relinquish paramount jurisdiction to determine the validity and amount of a claim to property in the possession of that court.[1]  It was also held that the "action in the state court is for the recovery of corporate funds and only indirectly involves the question of the validity of the Heider mortgage."[2]  Upon a hearing on the merits, the claim of Heider was held without validity.  The District Court affirmed upon review.  Appeal to this Court followed.

■■■■ The Bankruptcy Court has plenary and paramount authority to determine the validity of asserted liens upon property of the bankrupt in its possession at the date of the filing of the petition for adjudication.[3]  Here the question of validity of the Heider claim of lien was expressly reserved at the time of the creation of the fund still in the possession of the Bankruptcy Court.  The

Referee has held the alleged lien invalid.  No question is raised upon the merits.  Under the circumstances, this Court holds the Bankruptcy Court was in exercise of jurisdiction committed to that tribunal.

It is argued that the Referee could not act without first expressly cancelling and withdrawing the permission to maintain suit in the state court.  In the face of the express reservation, the question as to the validity of the alleged lien was never submitted to the state court.  Heider attempted to bring this cause of suit into that proceeding by counterclaim and was met by plea in abatement.  The Referee held that the issues submitted to the state court involved the Heider mortgage only indirectly.  Unquestionably, if there had been a decision upon these issues, the Heider claim in bankruptcy might have been affected.  However, that is of no consequence since the state court has never decided any question upon the merits.

No discussion is necessary of the problem which would have been presented if the state court had actually entered a judgment in which it determined facts affecting the Heider claim.  Questions of res judicata or collateral estoppel by judgment might be raised.  The effect of the consent of the Referee to adjudication might, under such circumstances, be of weight.  There has been no adjudication by the state court.

Another matter has been debated.  It is contended that, if the Referee has once consented to suit by a trustee in the state court, the mandate is irrevocable.  This Court is of opinion that such an action

---

1.  See Pepper v. Litton, 308 U.S. 295, 60 S. Ct. 238, 84 L.Ed. 281.

2.  "We are not here concerned with a suit by a trustee to recover property in the possession of another who claims it adversely, nor with a suit against a trustee to recover property in his possession, claimed by another, and therefore the jurisdictional questions incident to suits of that character need not be considered. But we are concerned with a suit against a trustee, the purpose of which is to control the distribution of a fund in his pos-

session, admittedly belonging to the bankrupt's estate, and to determine to what exent and in what order the several creditors shall participate therein." United States Fidelity and Guarantee Company v. Bray, 225 U.S. 205, 216, 32 S.Ct. 620, 624, 56 L.Ed. 1055.

3.  Isaacs v. Hobbs Tie & Timber Company, 282 U.S. 734, 51 S.Ct. 270, 75 L. Ed. 645.  Cf. Gardner v. State of New Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504.

could be dismissed without prejudice upon order of the Referee or that the Referee might withdraw consent to further maintenance of the action at any time before trial.[4]

This point does not arise in this case, since the Referee did not consent to the trial of the validity of claim of lien upon the property of the bankrupt in possession of the Bankruptcy Court.

The Bankruptcy Court had jurisdiction. The order of the Referee and the District Court is affirmed.

4.   Cf. Investment Registry v. Chicago & M. Electric R. Co., 7 Cir., 251 F. 510.