JOHNSON, Judge.
This is an appeal from a final judgment denying the appellant’s prayer for specific performance of a real estate contract.
This case has been on file for a long time and several volumes of testimony and exhibits are in the record on appeal; some of the testimony being via depositions.
A long and searching study of the record on appeal, as well as giving due consideration to the Mandate and the Opinion of *100 this Court authored by then Chief Judge Rawls, rendered in 1967, convinces us that much of the testimony and exhibits is immaterial to the determinative rights of the parties hereto. Much time and effort has been spent on the question of whether or not a certain parcel of land, consisting of 411 acres, was covered by paragraph 10 of the agreement between the parties hereto which was executed between the parties on August IS, 1947. We do not have to determine this question because of the subsequent acts of the parties, subsequent to August 15, 1947.
The parties to the 1947 agreement had a disagreement about the matter of some of the lands to be included in the 1947 agreement and the appellant filed suit against the appellees for specific performance of the 1947 agreement. While this suit was in progress, the parties entered into another agreement executed on September 1, 1954, which agreement according to the evidence, was supposed to be in settlement of the controversy as to the lands which the appellant was entitled to have conveyed to him by the appellee, Florida Farms Service, Inc. While this latter agreement did not replace the 1947 agreement, it did settle the question of whether or not the particular 411 acres in question were to be conveyed to appellant. The testimony of the parties is not in conflict with the fact that the 1954 agreement was for the purpose of settling the controversy. There is some conflict as to how the agreement was to be interpreted.
Inter alia, the 1954 agreement called for a conveyance by Florida Farms Service, Inc. to the appellant of 3873 acres, pursuant to the 1947 agreement, to be by one deed. Also another deed covering the 411 acres to appellant. It appears that the reason for the separate deed for the 411 acres was that the description had to be checked for accuracy. The deed to the 3873 acres was executed and delivered to the appellant and paid for by him. The deed to the 411 acres was executed by Florida Farms Service to appellant and placed in or remained in the hands of Mr. Louis Ossin-sky, Sr., who was attorney for Florida Farms and who prepared the deed. The testimony of Mr. Ossinsky is to the effect that the appellant paid for the 411 acres and Mr. Ossinsky was to deliver the deed to appellant the next day as quickly as the description was verified. A cashier’s check in the amount of $2500 in payment of the 411 was delivered to Mr. Ossinsky by appellant but Mr. Ossinsky then refused to deliver the deed because his client, Florida Farms’ President, had told him not to deliver the deed. Mr Ossinsky had held the $2500 from 1954 until the date of final judgment in 1972.
Mrs. L. L. Goldman, President of Florida Farms Service, testified that as officers of the Florida Farms, she and her son, as secretary of the corporation, did in fact execute the deed covering the 411 acres to appellant, but that she did it because Mr. Os-sinsky had told her that unless she executed the deed to 411 acres, the appellant would not close on the 3873 acres. She then testified that she told Mr. Ossinsky not to deliver the deed to appellant.
We are of the opinion and so hold, that the evidence in the record on appeal affirms the new agreement of September 1, 1954 and that the agreement also included the 411 acres to be conveyed to appellant and that proper payment was made therefor and that the agreement was binding on the appellees. The evidence of Mr. Louis Ossinsky was to the effect that he was not told by Mrs. Goldman not to deliver the deed to 411 acres until after he and the appellant had concluded the closing of the 3873 acres. We do hold that a party to an agreement cannot use that party’s attorney to unwittingly perpetrate a fraud. Mr. Ossinsky’s testimony leaves only the conclusion that Mr. Ossinsky was unwittingly made a part' of what in fact was a fraud if it was left to stand. The deed was executed. The cashier’s check in payment was delivered and we think and so hold, that the trial court was in error in the final *101 judgment and that the appellant’s claim for specific performance should be granted.
The cost charged to the plaintiff below by the final judgment should be taxed against the defendants below, including the cost of this appeal.
The judgment is reversed and remanded to the trial court to enter an order directing the appellees to convey the 411 acres in question to the appellant.
Reversed and remanded.
SPECTOR, Acting C. J., and BOYER, J., concur.