BOARDMAN, Judge.
Appellant, the plaintiff (buyer) in the trial court, filed a two-count complaint against appellee, the defendant (seller). Count 1 sought damages for breach of a written contract for the sale of real estate. Count 2 sought specific performance of that contract. After a nonjury trial, the trial court denied the buyer relief ruling, inter alia, “that the buyer is not entitled to the relief requested and shall take nothing by this action.” Upon thorough review of the entire record, including the testimony, deposition of the seller, and briefs, and after hearing oral argument, we disagree with the trial court’s finding and reverse.
The contract was for the sale of unimproved real estate and, as amended by agreement of the parties, was admitted into evidence in the buyer’s case without objection. The seller was notified by her real estate agent that the closing was to be at Chelsea Title and Guaranty Company in New Port Richey. She was present and, according to the record, was ready to close the transaction in accordance with the contract as amended. The buyer was not *376 present for the obvious reason that he had no knowledge that a closing was scheduled. The seller then became dissatisfied with the contract and advised the closing representative of the title company that there would be no closing.
The seller argues that a contract had not been formed between the parties for two reasons: first, because a dispute as to which party was to pay the cost of preparing and recording the mortgage and, second, because the buyer had failed to furnish proof of income, which the seller contends he was contractually obligated to do. As to the first reason, the mortgage was to be prepared by Chelsea Title and Guarantee Company for which there could be no fee charged and the cost of recording the mortgage was seven dollars. Furthermore, the buyer agreed to be responsible for the payment of these costs, although the record is not clear whether the seller had notice of this fact. For these reasons, we do not believe the costs of preparing and recording the mortgage can reasonably be considered a material term of the contract. Regarding proof of the buyer’s income, the written contract did not require that the buyer furnish such information. Notwithstanding that the buyer had no obligation under the contract to the seller prior to the execution of the mortgage, the buyer did provide copies of his statement of earnings and taxes withheld (Form W-2) as a showing of good faith.
We have considered the seller’s reasons for repudiating the contract and find each to be without substance. In essence, the seller considered that the buyer was contractually obligated to furnish the financial information, which indeed he was not. We hold that there was a valid and binding contract entered into between the parties, the terms and conditions of which were definite and certain in all their essential elements, and the fact that the transaction was not consummated pursuant thereto was solely due to the fault of the seller.
In conclusion, the buyer proved by substantial, competent evidence both of his causes of action. We remand the cause to the trial judge to determine, after proper hearing, if necessary, which remedy is appropriate.
REVERSED and REMANDED to the trial court for further proceedings consistent with this opinion.
OTT, C.J., and SCHEB, J., concur.