FRANK, Judge.
This is the second appearance of this litigation before the court. In McAlister v. Salas, 442 So.2d 375 (Fla.2d DCA 1983), which we refer to in this opinion as McAlis-ter # 1, we found that an enforceable contract existed between the purchaser, McAl-ister, and the seller, Salas, and that failure to consummate the conveyance of the subject land was solely the fault of Salas. We remanded to the trial court and empowered it to determine the appropriate remedy, i.e. damages or specific performance. The trial court awarded McAlister damages and, solely for the reason set forth below, it declined the grant of specific performance.
The transcript of a non-evidentiary hearing conducted on March 7, 1984, following our remand, discloses that the trial court entertained, inter alia, two motions filed by McAlister — a motion seeking specific performance of the McAlister/Salas contract and a motion to consolidate the present litigation with a subsequent action McAlister initiated against persons identified as Charlie C. and Fern L. Parker; both motions were subsequently denied by the trial court.
It appears that McAlister’s lawsuit against the Parkers and his motion to consolidate the two actions arose when he learned that Salas had conveyed the land to the Parkers approximately one month after the notice of appeal was filed in McAlister # 1. The record before us does not contain the deed by which Salas transferred the property to the Parkers. The March 7 transcript, however, indicates that McAlis-ter’s attorney presented the deed to the trial court and it became the basis for the conclusion that the conveyance barred granting McAlister specific performance:
Just to begin with, and I haven’t made any final decision, I want to think on it, but my — I would think, recalling the testimony and the evidence as I do, that but for the conveyance out of Salas into Parker, that in all probability you would be granted specific performance within my discretionary options under what the District Court has provided and under the evidence. But it seems to me like at this point in time that as to Salas, that’s an impossibility, (emphasis added).
Our pre-argument review of the March 7 transcript, containing assertions that the conveyance to the Parkers was without consideration and was accomplished shortly following the filing of the notice of appeal in McAlister # 1, prompted us to inquire at oral argument whether Salas’ appellate attorney participated in or knew of the conveyance. We were advised, in response to our inquiries, that the deed from Salas to the Parkers dated March 7, 1983, was prepared by an attorney in the firm which has represented Salas at every stage of all trial and appellate proceedings. Indeed, the record reveals that the same attorney was served with the notice of appeal in McAlister # 1. More *1335 over, his law firm also represents the Par-kers in the subsequent lawsuit in which McAlister seeks to compel the Parkers to convey the property to him. Based upon the foregoing events and the analysis which follows, we reverse the trial court and remand with direction that an order be entered consolidating the two McAlister lawsuits. The trial court is further directed to enter an order joining the Parkers in the instant proceeding as indispensible defendants. See Delves v. Kingdom Voice Publications, Inc., 464 So.2d 1327 (Fla. 1st DCA 1985); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla.2d DCA 1984).
The question central to the disposition of this matter upon remand is whether the Parkers became purchasers without knowledge of McAlister’s interest in the property. The courts of this state have long followed the general principle that a third party purchaser, aware,of a prior contract to sell to another, is not a bona fide purchaser and the conveyance to such third party is subject to judicial cancellation.[1] See e.g. Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc.; Coates v. Hale, 429 So.2d 761 (Fla. 1st DCA 1983). Although our review of this matter does not permit us to say that the conveyance to the Parkers was undertaken to defeat McAlister’s entitlement to the property, the fact and timing of the Sales/Parker deed require a comprehensive evidentiary hearing in which the Parkers are defendants in McAlister # 1 and the two McAlister actions are consolidated. Such hearing will provide the trial court with an opportunity to determine whether Salas improperly achieved the extinction of McAlister’s otherwise paramount rights. We are concerned that the trial court’s denial of equitable relief to McAlister, following our initial remand, may have been the result of undisclosed but contestable actions. This court certainly would not have remanded McAlister # 1 for the trial court’s selection of an appropriate alternative remedy unless it believed alternative remedies were available.
Neither Salas, her attorneys, nor the Parkers can find succor in the trial court’s refusal to stay the judgment rendered in McAlister # 1, its refusal to extend the lis pendens which expired approximately two days after the filing of the notice of appeal in McAlister # 1 and before the deed to Parker, or the absence of a supersedeas bond. Anticipating that those arguments will be urged on remand, we believe reference to the principles we deem pertinent is warranted. The general rule in Florida is that an action remains pending in the trial court during the period in which the time for an appeal has not expired or an appeal is pending. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982). An appeal is merely the continuation of the proceeding from which the appeal is taken and is not the commencement of a new action. Smith v. State, 192 So.2d 346 (Fla.2d DCA 1966). Notwithstanding that the trial court, following the entry of its amended final judgment, refused to extend the lis pendens filed by McAlister at an earlier stage, the judicial policy enunciated in Ray v. Hocker, 65 Fla. 265, 61 So. 500 (1913), has retained its vitality with the result that even in the absence of a recorded lis pen-dens, if the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party’s claim to the property. Cf. Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521 (1892); Alfred H. Wagg Corporation v. F.L. Stitt & Co., 95 Fla. 748, 116 So. 637 (1928). Similarly, if the Parkers had knowledge of that litigation, the fact that McAlister did not file a supersedeas bond or succeed in his effort to stay the amended final judgment will not sustain the Par-kers’ claim to the property. Cf. Mackenzie v. Engelhard & Sons Co., 266 U.S. 131, 45 S.Ct. 68, 69 L.Ed. 205 (1924); Todd v. Romeu, 217 U.S. 150, 30 S.Ct. 474, 54 L.Ed. 705 (1910). With such notice, the Parkers *1336 would stand in the shoes of Salas and be bound by the outcome of the proceeding before us. See Mackenzie, 266 U.S. at 142, 45 S.Ct. at 68-69.
The current record neither informs us whether Salas’ attorney advised the Par-kers of McAlister’s claim to the property nor does it disclose facts sufficient to determine the presence of an ethical obligation to communicate that fact.[2] Hence, because the test of the Parkers’ standing as bona fide purchasers turns entirely upon notice to them of McAlister’s prior claim to the property and the pendency of his litigation affecting title to it, McAlister is entitled to develop, on remand, an evidentiary record encompassing the role of Salas’ law firm in conveying the property. See Hart v. Florida Farms Service, Inc., 293 So.2d 99 (Fla. 1st DCA 1974).
Finally, McAlister contends the trial court erred in refusing following remand to reopen the record for the purpose of receiving evidence in connection with his recovery of an attorney’s fee for services performed before the trial court in McAlister # 1. We agree. McAlister was not the prevailing party at the conclusion of the trial in McAlister # 1; hence, he was not contractually entitled to the award of an attorney’s fee. Not until this court found the existence of a contract between Salas and McAlister could McAlister claim such fee and then only upon the further finding, which this court did reach, that it was Salas who breached the contract. Irrespective of whether McAlister was technically obligated during the trial of McAlister # 1 to prove the amount and reasonableness of the fee he was seeking, the transcript of a hearing held on October 10, 1984, indicates that an understanding was reached at a pre-trial conference pursuant to which McAlister was justified in refraining from such proof. In that light, McAlister correctly sought to reopen the record as to the fee issue after his entitlement had become contractually certain. See Taggart Corp. v. Benzing, 434 So.2d 964 (Fla. 4th DCA 1983). Thus, upon remand the trial court is directed to permit litigation of the amount and reasonableness of the attorney’s fee to which McAlister is entitled for services performed in connection with the trial of McAlister # 1.
. Accordingly, we affirm that aspect of the amended final judgment awarding McAlis-ter an attorney’s fee associated with the appellate proceeding in McAlister # 1 and court costs, but we vacate the award of money damages in the amount of $2,500.00 and remand for further proceedings consistent with this opinion.
LEHAN, A.C.J., and HALL, J., concur.

. Exceptions to this rule exist in the context of a judicial sale of property. Our decision in this matter should not be construed as affecting the principles of law governing the rights of purchasers of property at a judicial sale. Those principles are identified and commented upon in Citibank, N.A. v. Data Lease Financial Corporation, 645 F.2d 333 (5th Cir.1981).

. In an analogous setting, the following question was posed to the Professional Ethics Committee of the Florida Bar: should the lawyer as closing attorney acting in behalf of the mortgage lender, disclose title irregularity to the purchaser-borrower in the circumstance where the purchaser-borrower is informed that the attorney is representing only the mortgage lender? The Committee concluded that the attorney representing the mortgage lender was under a duty to reveal the defect to the unrepresented purchaser-borrower for the reason that concealment of the defect would be misleading and violative of Canon 9. The Committee deemed revelation especially required if the attorney had direct communication and dealings with the purchaser-borrower. Opinion 65-58 (1965).