508 So.2d 431 (1987)
WESTBURNE SUPPLY, INC., Appellant,
v.
COMMUNITY VILLAS PARTNERS, LTD., and Community Income Properties, Inc., Appellees.
No. BO-390.
District Court of Appeal of Florida, First District.
May 19, 1987.
Rehearing Denied July 7, 1987.
*432 Jack M. Ross, of Birr, Bryant, Saier & Ross, Gainesville, for appellant.
Neil P. Linden and Eric C. Christu, of Rollnick, Rosen & Linden, Coral Gables, for appellees.
ZEHMER, Judge.
Westburne Supply, Inc. (Westburne), appeals a final order dismissing with prejudice its second amended complaint against appellees, Community Villas Partners, Ltd. (Community Villas), and Community Income Properties, Inc. (Community Properties). The complaint sought to enforce an equitable lien against certain real property now owned by Community Villas. Finding error in the trial court's ruling that the statute of limitations bars appellant's cause of action in respect to these defendants, we reverse.
The allegations of the complaint reveal that in August 1983 Stanley and Phyllis Baumann, as owners, and Baumann, Inc., as contractor, commenced construction of an apartment complex in Alachua County. Westburne supplied the plumbing subcontractor with plumbing materials used in construction of the apartment complex. The last of the materials were supplied on August 30, 1984. Westburne filed suit against the Baumanns and others on February 27, 1985, alleging that the Baumanns had conceived and executed a plan to defraud subcontractors by wrongfully refusing to pay for labor and materials used in the construction of the apartment complex, thereby causing Westburne damages in the amount of $122,340.68. Among the several causes of action alleged, the complaint *433 contained a count to foreclose an equitable lien against the apartment complex property. In February 1985, Westburne filed a notice of lis pendens against the property pursuant to section 48.23, Florida Statutes (1985). Defendants moved to dismiss the complaint and discharge the lis pendens. The motion to dismiss was denied. The trial court ordered the lis pendens discharged unless Westburne immediately filed a $500,000 bond. The bond was not filed.[1]
According to the complaint, on March 15, 1985, Community Villas and Community Properties (as general partner of Community Villas) closed the purchase of the apartment complex from the Baumanns, and Community Villas took title under deed. On February 14, 1986, Westburne filed its second amended complaint. Count VII thereof added Community Villas and Community Properties as additional defendants and alleged that Community Villas took title with full knowledge of Westburne's "claim of an equitable lien as set forth in Count IV" and, therefore, "took title to The Villas Apartments subject to Plaintiff's claim of an equitable lien on The Villas Apartments." No cause of action other than enforcement of the equitable lien was stated against Community Villas and Community Properties.
Appellees moved to dismiss count VII on the ground, among others, that Westburne's claim for equitable lien was barred by the one-year statute of limitations in section 95.11(5)(b), Florida Statutes (1985).[2] The trial court granted the motion, reasoning that the statute of limitations commenced running against these defendants on August 30, 1984, the date that Westburne last supplied materials to the property, not from March 1986, the date Community Villas purchased the complex, and that the action had thus not been brought against Community Villas and Community Properties within the prescribed one-year period. The trial court's ruling is in error because it fails to recognize the distinction between quasi in rem claims and in personam claims.
This action to foreclose an equitable lien arising out of the furnishing of materials incorporated into real property is a quasi in rem action. In Hullum v. Bre-Lew Corporation, 93 So.2d 727 (Fla. 1957), the court described the nature of an equitable lien as follows:
An equitable lien is a right, not recognized at law, to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt or class of debts. It is not an estate or property in the thing itself, nor is it a right to recover the thing, that is, it is not a right which may be the basis of a possessory action, but it is merely a charge upon it. Such a lien may be created by an express contract which shows an intention to charge some particular property with a debt or obligation, or it may arise by implication from the relations and dealings of the parties whose interests are involved... . In fact, if a transaction resolves itself into a security, whatever may be its form and whatever name the parties may choose to give it, it is in equity a lien. Possession by the lienor of the thing sought to be charged is not essential to the existence of an equitable lien, which differs in this respect from a commonlaw lien.
93 So.2d at 730-31, quoting 33 Am.Jur. Liens § 18 (1941). Because the lien is not an estate or property in the land itself, the court further stated:
It is a charge or encumbrance upon the land "so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists.
*434 93 So.2d at 730, quoting Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 129 (1925). An action to foreclose an equitable lien is essentially an action against the property and not necessarily an in personam claim against the person or entity having title to or possession of the property; therefore, the statute of limitations is tolled when the action to enforce the lien is filed against the property.
A party does not cause the statute of limitations to commence running anew by subsequently acquiring an interest in the property, whether or not that party is joined in the pending litigation. Westburne's initial suit to enforce an equitable lien was obviously filed within the time allowed by the statute of limitations and apparently named as defendants all persons having an interest in the property at that time. Because the filing of this action against the Baumanns satisfied the statute of limitations, the addition of Community Villas as a party having a subsequently acquired interest in the property does not violate the statute of limitations.[3]
Appellees argue that, until the equitable lien has been adjudicated and established by court decree, Westburne possesses only a claim  not a perfected lien giving the claimant any rights or interest in the property. Building on this theme, they argue that a notice of lis pendens had to be properly filed and maintained of record under section 48.23 in order to preserve the superiority of Westburne's claim of lien against a subsequent purchaser of the property, whether or not that purchaser had actual knowledge of the pending court proceedings involving the claimed lien. Accordingly, appellees say, because Westburne's lis pendens was discharged for failure to post the bond, and because Westburne failed to sue Community Villas within one year of the date Westburne supplied the last materials (August 30, 1984), its claim of lien became barred by the one-year statute of limitations. Appellees candidly admit that under this argument Westburne's equitable lien could have been cut off if the Baumanns had alienated the property more than one year after the last materials were supplied by Westburne.
This argument fails because it is predicated on an erroneous conception of the purpose and legal effect of a notice of lis pendens. It fails to recognize that an equitable lien arises at the time of the transaction from which it springs. Blumin v. Ellis, 186 So.2d 286, 295 (Fla. 2d DCA 1966). In this case, the lien arose as of August 30, 1984, the date the last materials were supplied, and the filing of suit served only to enforce the lien. More importantly, it fails to recognize that filing a notice of lis pendens is not essential to enforcement of a lien against a purchaser with knowledge of the pending litigation.
The principal purpose of filing a notice of lis pendens, as manifested in section 48.23, is to bar prior unrecorded interests in the property unless the claimants intervene within twenty days after the notice of lis pendens has been filed of record. Beyond that, however, a notice of lis pendens, in respect to one acquiring an interest in the property after the lis pendens is filed, also serves as constructive notice of the claims asserted against the property in the pending litigation. The court in Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981), while speaking in the context of another issue, aptly summarized the purpose and effect of a notice of lis pendens:
The purpose of a lis pendens as authorized by this statute "is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation." ... Lis pendens "is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry." ... Thus, lis pendens is merely a "statutorily authorized republication of pleadings in a judicial proceeding. If such pleadings are absolutely privileged, logically the statutorily authorized republication of *435 such pleadings should likewise be privileged.
402 So.2d at 427 (citations omitted). The filing of a notice of lis pendens does not, per se, create an interest in the property, nor does it create any superior substantive property rights for the litigant who files one. National Bank of Sarasota v. Dugger, 335 So.2d 859, 861 (Fla. 2d DCA 1976). The notice merely serves to protect the interests of a lien claimant against a subsequent bona fide purchaser by giving constructive notice of the claim of lien where actual notice has not been given. Actual notice, however, is sufficient to bind a subsequent purchaser to the outcome of the litigation:
[E]ven in the absence of a recorded lis pendens, if the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party's claim to the property.
McAlister v. Salas, 485 So.2d 1333, 1335 (Fla. 2d DCA 1986). Blumin v. Ellis applied the same principle:
"[T]he general rule in other jurisdictions is that an equitable lien is superior to the right of all persons except bona fide purchasers for value, or subsequent valid lienholders, without notice." ... We adopt this rule.
186 So.2d at 295 (citations omitted). See also Waldorff Insurance and Bonding, Inc. v. Eglin National Bank, 453 So.2d 1383, 1385 (Fla. 1st DCA 1984); Ray v. Hocker, 61 So. 500, 500-501 (Fla. 1913). Accordingly, in Brown v. Semple, 204 So.2d 229 (Fla. 3d DCA 1967), a suit by appellees to quiet title with regard to appellants' adverse claims against the property, the court held:
Finally, we reach the contention on the part of the appellants that appellees have failed to file a notice of lis pendens. Appellants cite § 66.36, Fla. Stat., F.S.A.,[4] asserting that the statute must be strictly construed so as to make the filing of lis pendens an absolute requisite to the maintenance of an action. We are of the opinion, however, that the failure to file a lis pendens is not fatal to the appellees' cause. The purpose of the notice of lis pendens is to provide record notice that certain property is the subject of litigation. This has the effect of preserving the jurisdiction of the court and assuring an end to the litigation. The purpose of the pending suit may not be defeated by successive alienations of the subject property. This leads us to conclude, in conformity with the better reasoned cases, that a notice of lis pendens is of no effect between the parties to the action, and that failure to file is no defense. See 54 C.J.S. Lis Pendens § 22.
204 So.2d at 233.
Because Westburne alleges that Community Villas acquired its interest in the apartment complex with actual notice of Westburne's suit to enforce its equitable lien, we hold that Westburne's failure to file or maintain of record a notice of lis pendens would not defeat the equitable lien and thereby cause the statute of limitations to bar Westburne's count adding these defendants as parties, even though the count was filed more than a year after the statute of limitations began running on August 30, 1983.[5]
The order dismissing count VII is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] Because the order setting bond was not appealed, we do not consider its propriety.
[2] Section 95.11(5)(b) provides that "[a]n action to enforce an equitable lien arising from the furnishing of labor, services, or material for the improvement of real property" shall be commenced within one year.
[3] Community Villas is no doubt a proper party under Florida Rule of Civil Procedure 1.210, although apparently not a necessary party. See Ray v. Hocker, 65 Fla. 265, 61 So. 500, 501 (1913).
[4] Section 66.36, Florida Statutes (1957), the statute applicable in that case, stated, "The plaintiff shall file with his complaint a lis pendens, in the manner and form prescribed by § 47.49, which shall be recorded as provided by said section." Section 47.49 was the predecessor statute to present section 48.23.
[5] Our holding is limited to the statute of limitations defense based on allegations appearing on the face of the second amended complaint. We have not been required to consider the sufficiency of those allegations to state a cause of action for equitable lien, nor have we considered the sufficiency of any other defenses that have been or may be asserted by appellees.