ALFRED H. WAGG CORPORATION, *Appellant*, v. F. L. STITT & COMPANY, INC., A CORPORATION, ET AL., *Appellees*.

Division B.

Opinion Filed April 17, 1928.

Petition for Rehearing Denied May 21, 1928.

*Winters, Foskett & Wilcox, E. J. L'Engle* and *J. W. Shands*, Attorneys for Appellant;

*Blackwell, Donnell & Moore, Loftin, Stokes & Calkins, Russell L. Frink* and *Crawford & May*, Attorneys for Appellees.

BUFORD, J.—This is an appeal from an order made by Honorable Elwyn Thomas, Judge of the Circuit Court of the Twenty-first Judicial Circuit of Florida, presiding in lieu of Judge C. E. Chillingworth, alleged to have been disqualified. The appellant had filed a petition to be allowed to intervene to contest the legality of the sale of certain lands the property of the proposed intervenor in foreclosure of a lien for delinquent drainage district tax.

On March 1, 1926, an order was made allowing Alfred H. Wagg Corporation to intervene by petition to oppose the confirmation of sale of certain lands and the making and delivering of a deed conveying the lands to F. L. Stitt & Company, Inc., a Corporation, under the provisions of a final decree of foreclosure of the drainage district tax lien and, thereafter, on April 30, 1926, Judge Thomas made an order as judge *pro hac vice* vacating the order of March 1st and directing the Special Master to execute, acknowledge and deliver the deed to F. L. Stitt & Company, a Corporation. It is from this order that appeal was taken.

It is insisted that the order made by Judge Thomas was void because there appeared no disqualification of Judge Chillingworth and, therefore, that Judge Thomas was without authority to make any order in the case. The certificate of disqualification of Judge Chillingworth is in the following language:

"I, the undersigned, C. E. Chillingworth, Circuit Judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida, do hereby certify that subsequent to the institution of the above suit and subsequent to the entry of final decree therein I became the owner by purchase of land in the Lake Worth Drainage District, the same being land involved in the above and foregoing suit and that I have therefore become disqualified as judge in said cause.

"Dated March 26, 1925."

We can conceive a condition under which the facts set out in this certificate could be true and yet the conclusion that the judge is disqualified be erroneous. On the other hand, we can conceive a condition under which the state of facts set out in the certificate being true would disqualify the judge to further proceed in the cause and, therefore, we must assume that the latter condition existed and that the conclusion of the judge was warranted by the facts and was a correct conclusion, there being nothing in the record requiring a contrary holding.

The petition to intervene *interesse suo* alleged that the petitioner was the owner of the real estate upon which the drainage district tax lien had been foreclosed by a final decree and which had been ordered sold to satisfy such decree. That at the time of the institution of the suit the owner of the land was not made a party defendant and that neither the owner of the land at that time nor any of his successors in title had been made a party to the suit. That Alfred H. Wagg Corporation was a purchaser without notice *pendente lite* in good faith and for valuable consideration. That Alfred H. Wagg Corporation was not bound by the final decree. That the report of the Special Master showing a sale of the property so owned by Alfred H. Wagg Corporation was made and filed only four days before the petition was filed to enjoin the confirmation of the sale and that this report of the Special Master was the first notice, either actual or constructive, which had come to Alfred H. Wagg Corporation or its predecessors in title concerning the foreclosure of the alleged lien.

There are other allegations in the petition which are not needful to be considered at this time.

One of the provisions of the legislative act under which the tax lien is sought to be foreclosed is,

"Notice of the pendency of such suit shall be filed and

recorded as in other suits of foreclosure of liens in this State.''

This language must be construed to mean that in such suits Section 2853, Revised General Statutes of Florida must be complied with, if purchasers in good faith, *pendente lite,* are to be bound by the final decree. This section is as follows:

''No suit at law or in equity shall operate as a *lis pendens* as to any property involved therein until there shall have been filed in the office of the Clerk of the Circuit Court of the county where the property is situated, and shall have been recorded by him in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is pending, a description of the property involved, and a statement of the relief sought as to such property.''

Section 3076, Revised General Statutes, requires the Clerk of the Circuit Court to keep a docket in which should be recorded all notices of *lis pendens.*

The allegations of the petition to intervene being taken as true, we find that as to the property here involved the owner was not made a party. Neither were his successors in title to and including the Alfred H. Wagg Corporation, purchasers *pendente lite* in good faith and for valuable consideration, ever made parties to the suit or served with notice, either actual or constructive, of its pendency. No notice of *lis pendens* was filed and recorded as required by Section 2853, *supra.* We must hold, therefore, that the final decree was not binding on Alfred H. Wagg Corporation.

Persons purchasing or acquiring interests in property during the pendency of litigation without notice thereof, either actual or constructive, are wholly unaffected by any

judgment which may subsequently be rendered in the action. 17 R. C. L. 1018; 38 Corpus Juris 11, Sec. 10; Wood v. Price, 79 N. J. Equity 620; Statterfield v. Malone *et al.*, 35 Fed. 445; Romeu v. Todd, 51 Law Ed. 1093.

It is true that the legislative act under which the suit to foreclose the lien is brought provides that:

"Master shall deliver to the purchaser or purchasers at said sale or to the Board of Supervisors in case said property be bid in in the name of said district as hereinafter provided, a certificate showing such purchase, and said certificate shall show on its face that the same is subject to redemption within one year, and shall make a report of such sale or sales to the court from time to time.

"The title to said land so sold shall thereupon become vested in such purchaser, subject, however, to the liens for all subsequent annual installments of drainage taxes and interest thereon and saving to infants and insane persons having no guardian the rights they now have by law, and subject, further, to the right of the owner or any person holding any lien or interest in said lands or any part of them, to redeem the same by the payment within one year from the date of sale into the hands of the clerk of said court of a sum of money sufficient to pay the past due annual installments and State and county taxes paid by the district, if any, costs, interests, including interest on the judgment at the rate of ten per cent per annum, and attorney's fees charged against the same. Upon such redemption of any property, the cancellation of the certificate shall be entered of record. The court shall retain jurisdiction of such foreclosure suit until after the expiration of said period of redemption, and shall thereupon, upon proper application by the purchaser or holder of such certificate or certificates, make an order of confirmation confirming the sales so made by the master in all cases where there

has been no redemption as above provided, and the same shall thereby become the owners in fee simple of the lands respectively bought by them, and the master shall execute deeds to holders of such certificates and such deeds so executed and delivered pursuant thereto shall have the same probative force as deeds executed under judgments and decrees in other civil actions.''

These provisions limit the period of redemption to one year from the date of sale. This limitation, however, can only apply to owners who have had either actual or constructive notice of the pendency of the suit and can not be made to apply to owners who have had neither actual or constructive notice of the pendency of the suit. Such owners under a proper showing, such as has been made in this case, will be held to be entitled to the privilege of exercising redemption by complying with the provisions of the statute in that regard at any time before the confirmation of sale by order of court.

The order appealed from is reversed with directions for further proceedings not inconsistent with this opinion.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.