HUBBART, Judge.
This is a mortgage foreclosure suit in which the mortgagor’s affirmative defense was struck and his counterclaim severed from the main action. The mortgagor takes this interlocutory appeal.
Robert D. Slewett, Alan Slewett, Bernard E. Slevan and Harvey Goldstein [mortgagee-appellees] brought suit to foreclose a mortgage on certain real property against Tower Estates, Inc. [mortgagor-appellant] for default on due and owing mortgage payments. Tower Estates filed an answer admitting the default but setting up as an affirmative defense that it would be inequitable to allow the foreclosure because at the time the mortgage was executed, Tower Estates had purchased from Slewett, et al. a tract of land which is presently accessible through the mortgaged land and if foreclosure were allowed, Tower Estates .would have no ingress or egress to its separate land. Tower Estates further filed a counterclaim requesting that the court grant it an easement of ingress and egress pursuant to Section 704.01, Florida Statutes (1975), over the mortgaged land.
The trial judge upon motion by Slewett, et al. struck Tower Estates’ affirmative defense. This action was eminently correct because Tower Estates’ alleged right to an easement on the mortgaged land in no way affects the merits of the foreclosure action. See: 22 Fla.Jur. “Mortgages” § 328 (1958); 55 Am.Jur.2d “Mortgages” § 582 (1971). Indeed, the alleged easement could only become effective in the event foreclosure were in fact ordered.
The trial judge also denied the mortgagee’s motion to strike the counterclaim, but ordered that the counterclaim be severed and tried separately from the main action. We find no error in denying the motion to strike but believe that the counterclaim should be tried in the main foreclosure action and not severed therefrom. In our view, it is more reasonable to settle the mortgagor’s alleged right of easement over the mortgaged land at the time of the fore *639 closure action so that in the event foreclosure is ordered, the mortgaged land may be sold free of any possible encumbrances, See: 22 FlaJur. “Mortgages” § 372 (1958). In the event foreclosure is not ordered, the counterclaim will of course be moot.
The order appealed from is affirmed insofar as it strikes Tower Estates’ affirmative defense and denies the motion to strike its counterclaim. The order appealed from is reversed insofar as it severs the counterclaim from the main foreclosure action and the cause is remanded to the trial court to try the said counterclaim together with the main foreclosure action.
Affirmed in part; reversed in part.