430 So.2d 996 (1983)
N.J. WILLIS CORPORATION, a Florida Corporation and Nicholas A. Cassas, Appellants,
v.
Abraham RASKIN and Adele Raskin, His Wife, et al., Appellees.
No. 82-823.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
Oliver Addison Parker, Fort Lauderdale, for appellants.
Gerald S. Deutsch and Alan B. Rosenfeld of Deutsch & Shnider, P.A., Sunrise, for appellees.
HURLEY, Judge.
We are asked to decide whether appellants' right to a jury trial was violated when the trial court severed a mandatory equitable counterclaim and tried it non-jury even though the equitable claim involved issues which were related to the pending legal claim. We answer in the affirmative and reverse.
Mr. and Mrs. Raskin (sellers) filed a complaint for breach of a purchase and sales contract. N.J. Willis Corp. and Nicholas A. Cassas (purchasers) answered, filed affirmative defenses and demanded a trial by jury. Additionally, N.J. Willis Corp. filed a counterclaim for specific performance. The case was initially set for jury trial but was removed from the calendar when the court granted the Raskins' motion for continuance. Approximately a year later, the case was reset on a non-jury calendar at the Raskins' request. At the outset of the bench trial, the purchasers indicated their concern that issues which were common to both the legal and equitable claims be resolved by a jury. Nonetheless, due to calendar considerations, the court severed the counterclaim for specific performance and required that it be tried in a bench trial.
The controlling rule is set forth in Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971):

*997 [W]here the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the latter one, such issues may not be tried non-jury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury. [Citation omitted.]
In the case before us, there can be no question but that the resolution of the equitable counterclaim turned upon facts which were common to the legal claim. Moreover, since the record fails to demonstrate an affirmative waiver of the purchasers' right to jury trial, see Boston Rug Galleries, Inc. v. William Iselin and Co., 212 So.2d 58 (Fla. 4th DCA 1968), we hold that the trial court's action of severing and trying the equitable counterclaim resulted in a deprivation of the defendants/counter-plaintiffs' right to a jury trial. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DELL, J., and PURDY, H. MARK, Associate Judge, concur.