444 So.2d 965 (1983)
CITY OF MASCOTTE, Appellant,
v.
FLORIDA MUNICIPAL LIABILITY SELF INSURERS PROGRAM, Appellee.
No. 82-1765.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied February 6, 1984.
*966 Jacqueline R. Griffin, Orlando, Robert E. Austin, Jr., Leesburg, and William H. Stone, Clermont, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order dismissing a motion for supplemental relief in a declaratory judgment action filed under Section 86.061, Florida Declaratory Judgments Act. Because the relief requested was sought after adjudication of the principal action for declaratory relief (and, in fact, after an appeal in that action) we agree with the trial court that the motion was filed too late.
The principal action involved the appellee seeking declaratory relief regarding its duty to defend under its insurance policy with appellant. The insurer alleged it had no duty to defend and the insured countered by saying the insurer had a duty to defend. Thus, the issue before the trial court was a clear-cut interpretation of the policy. The city lost. It took an appeal. It lost again. The courts said the insurer had no duty to defend because the insurance policy should be interpreted that way.
Now the city is attempting to come back into court and allege a reformation of the contract. Its new allegations include a claim that the city was misled into believing there would be coverage and even though the policy may not say there was coverage that the insurer should provide it any way. The rationale urged is that the insurer said there would be coverage before the policy was issued, the city bought the policy with that assurance and the insurer cannot deny that coverage even though the policy omits it.
That matter should have been brought to the trial judge in the original suit. The relief sought is in the nature of a counterclaim and under these circumstances is a compulsory counterclaim. A compulsory counterclaim is one which must be raised by a defendant in the original suit or he will be forever barred from raising it. It is a defendant's cause of action arising out of *967 the same transaction or occurrence as the plaintiff's action. Here the original suit was on the contract, an interpretation of it. The supplemental relief sought is also on the contract, a reformation of it.
In Florida there is no caselaw on point but in Colorado there is. See Atchison v. City of Englewood, 180 Colo. 407, 506 P.2d 140 (1973). We disagree with the Colorado court.
In 40 Fla.Jur.2d, Pleadings § 87 there is a statement that Florida's rules regarding counterclaims are patterned after the federal rules. We can accept that and agree with the transaction or occurrence test set out in Roberts v. National School of Radio and Television Broadcasting, 374 F. Supp. 1266, 1270 (D.C.Ga. 1974):
(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
(2) Would res judicata bar the subsequent suit on defendant's claim absent the compulsory counterclaim rule?
(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
(4) Is there any logical relation between the claim and the counterclaim?
In Roberts it was held by the district judge that an affirmative answer to any of these questions would mean counterclaim is a compulsory one. We agree and say that at least numbers 1 and 4 are applicable to this case. It is in the interest of all litigants and the courts in cases where a dispute over a contract exists that all elements of that dispute be tried and resolved at one time and not by trying one tactic, then another and still another until all approaches are made. If there is a dispute resolve it, once and for all, one way or the other. This case is a prime example of what misery can be suffered and expense incurred by multiple bites at the same apple.
The order dismissing the motion for supplemental relief is affirmed.
AFFIRMED.
SHARP, J., and SCOTT, Associate Judge, concur.