570 So.2d 350 (1990)
Wallace C. YOST, Allen J. Miller and Florida Pottery Stores of Panama City, Inc., Appellants,
v.
AMERICAN NATIONAL BANK, Appellee.
Nos. 89-355, 89-1583.
District Court of Appeal of Florida, First District.
October 16, 1990.
Rehearing Denied December 27, 1990.
David L. Fleming, Robin A. Kobacker, Pensacola, for appellants.
*351 Larry A. Bodiford, Bill R. Hutto, of Hutto, Nabors and Bodiford, Panama City, for appellee.
JOANOS, Judge.
These consolidated appeals are taken from two orders of the trial court. The first appeal is from an order awarding final judgment to appellee American National Bank (ANB), in its action to foreclose a promissory note against appellants Wallace C. Yost, Allen J. Miller, and Florida Pottery Stores of Panama City, Inc. The second appeal is from an order granting a motion to dismiss count two of appellants' amended counterclaim, in which appellants sought cancellation of a personal guarantee and recovery of incidental and consequential damages. We reverse the order which is the subject of the first appeal, and dismiss the second appeal as taken from a non-final, non-appealable order.
On September 7, 1988, ANB filed a complaint alleging that appellants were in default under the terms of a promissory note executed by Florida Pottery of Panama City, Inc., and guaranteed by Yost and Miller. The complaint also alleged that the due date of the promissory note was extended by three extension agreements. On October 28, 1988, appellants filed an answer and affirmative defenses. ANB filed a response, denying the defenses offered by appellants.
On December 20, 1988, appellants filed a motion for continuance of the trial scheduled for that date, a motion for leave to file an amended answer, defenses, and counterclaim, together with the amended answer, defenses and verified counterclaim. At the hearing held on that same date, ANB's counsel argued that appellants' defenses concerning course of dealing and timely payment of installments due were no longer viable because the note had become due and payable by its terms. ANB's counsel further asserted that the defense of fair dealing between the parties was not a defense "to the suit at law on the note." Appellants' counsel argued that the claim and counterclaim should be tried together, because "the actions are not independent." Appellants' counsel further stated:
But the key connection is that one of the defenses is the right of set off and if these defendants are entitled to a judgment against the bank for $100,000 and the bank is entitled to $400,000, then that would be off set against the obligation to the bank. So, that you can't separate them from each other particularly when they're arise [sic] out of the same transaction.
ANB's counsel argued that set off is not a defense under the rules. The trial court announced its intention to bifurcate the counterclaim from the main action on the note, and to leave the counterclaim pending for subsequent determination.
As the hearing went forward, ANB's counsel objected to Mr. Yost's testimony as to conversation with Mr. Norris, the former president of ANB, regarding proposed restructuring of the loan when the term of the latest renewal ended. The objection was sustained, and Mr. Yost's testimony was proffered. At the conclusion of the hearing, the trial court orally announced its intention to enter final judgment in favor of ANB, with the final judgment to reflect retention of jurisdiction on the question of attorney's fees and the counterclaim. However, the final judgment entered on the same date as the hearing makes no mention that a counterclaim was still pending. On the same date, December 20, 1988, the trial court entered a written order denying appellants' motion for continuance, but granting the motion to file an amended answer, defenses, and counterclaim.
On February 1, 1989, ANB filed a motion to dismiss appellants' counterclaim, on grounds that (1) the counterclaim failed to state a cause of action, (2) ANB owed no duty to appellants to loan any more money than required by the note, and (3) the guarantors guaranteed the indebtedness reflected by the note "and thus, have no standing to maintain this action."
On February 14, 1989, appellants filed a verified petition for writ of mandamus, seeking stay of execution of the final judgment entered by ANB. The motion was *352 denied without prejudice to appellants' right to obtain an automatic stay pursuant to Florida Rule of Appellate Procedure 9.310(b). In addition, the court treated the petition as a notice of appeal from the order.
On March 30, 1989, the trial court entered an order denying ANB's motion to dismiss the amended counterclaim with respect to Florida Pottery Stores of Panama City, Inc., but granted dismissal as to the guarantors Yost and Miller. On April 13, 1989, appellants filed an amended counterclaim. On April 17, 1989, appellant Yost filed a supersedeas bond. On May 22, 1989, the trial court granted ANB's motion to dismiss appellants' amended counterclaim, again with leave to amend. On June 12, 1989, appellants filed a second amended counterclaim and a notice of appeal from the May 22, 1989, order.
Appellants raise three issues in connection with the appeal from the final judgment entered in favor of ANB. Our reversal of the order granting final judgment in favor of ANB is predicated on the trial court's erroneous severance of appellants' counterclaim from ANB's suit on the note, and the entry of final judgment without disposition of the counterclaim. Since our action in this regard will require a new trial, we find it unnecessary to address the other issues raised by appellants concerning their defenses of waiver and estoppel, and set-off or recoupment.
A compulsory counterclaim is a defendant's cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim. Fla. R.Civ.P. 1.170(a); City of Mascotte v. Florida Municipal Liability Self Insurers Program, 444 So.2d 965, 966 (Fla. 5th DCA 1983), review denied, 451 So.2d 847 (Fla. 1984). It is termed compulsory because the claim will be barred unless raised by the defendant in the original suit. Cherney v. Moody, 413 So.2d 866, 867 (Fla. 1st DCA 1982), approved by Allie v. Ionata, 503 So.2d 1237 (Fla. 1987); City of Mascotte, 444 So.2d at 966; Trawick, Florida Practice and Procedure § 12-3 (1985). In City of Mascotte, observing that Florida's rules regarding counterclaims are patterned after the federal rules, see also Wilson v. Clark, 414 So.2d 526, 531 (Fla. 1st DCA 1982), the court adopted the transaction or occurrence test set forth in Roberts v. National School of Radio and Television Broadcasting, 374 F. Supp. 1266, 1270 (N.D.Ga. 1974):
(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
(2) Would res judicata bar the subsequent suit on defendant's claim absent the compulsory counterclaim rule?
(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
(4) Is there any logical relation between the claim and the counterclaim?
The court noted that an affirmative answer to any of the foregoing questions would mean that the counterclaim is compulsory. See also Rudner v. Cabrera, 455 So.2d 1093, 1095 (Fla. 5th DCA 1984).
Separate trials are appropriate only when a joint trial may prejudice a party, or cause inconvenience. Travelers Express, Inc. v. Acosta, 397 So.2d 733, 737 (Fla. 3d DCA 1981); Roberts v. Keystone Trucking Co., 259 So.2d 171, 174 (Fla. 4th DCA 1972); Trawick, Florida Practice and Procedure, § 20-3 (1985). Although a severance for separate trial is within the discretion of the trial court, Travelers Express v. Acosta, 397 So.2d at 737; Comment to Fla. R.Civ.P. 1.270(b), unless a proper showing of prejudice or inconvenience has been made, a single trial is preferred, so as to lessen the delay and expense associated with multiple actions, Travelers Express v. Acosta, 397 So.2d at 737; Roberts v. Keystone, 259 So.2d at 171; Trawick, § 20-3, and to avoid the risk of inconsistent verdicts. Travelers Express, 397 So.2d at 737, fn. 6. This is because "[t]he law does not look with favor upon a multiplicity of suits when plaintiffs' right to full and complete relief can be afforded in one action." Overstreet v. Lamb, 128 So.2d 897, 901 (Fla. 1st DCA 1961).
Where the evidence to be submitted on plaintiff's cause of action is the same as, *353 or is interrelated with, the evidence on the counterclaim, it is appropriate to try the claims together. See American National Bank of Jacksonville v. Norris, 368 So.2d 897 (Fla. 1st DCA), cert. denied, 378 So.2d 342 (Fla. 1979); Tower Estates, Inc. v. Slewett, 346 So.2d 637 (Fla. 3d DCA 1977). For example, in N.J. Willis Corp. v. Raskin, 430 So.2d 996 (Fla. 4th DCA 1983), the court reversed the severance of a mandatory equitable counterclaim, which involved issues related to the pending legal claim. The court found the resolution of the equitable counterclaim turned upon facts which were common to the legal claim, and severance of the counterclaim resulted in a deprivation of the right to jury trial.
The hearing transcript in the instant case suggests that the trial court's grant of severance may have been based on ANB's argument predicated on Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 599 (Fla. 1976). In Bernstein, the court approved severance of a counterclaim and cross-claims from the plaintiff's suit on two promissory notes. Among other issues raised on appeal, Bernstein contended the trial court erred in severing his counterclaim and cross-claims. The district court disagreed, finding, without further elaboration, that the trial court did not abuse its discretion in this regard. Since the opinion does not provide a rationale for the court's determination that severance was not an abuse of discretion in that case, Bernstein sheds no light on the severance issue in this case.
The amended verified counterclaim in this case alleged that Yost discussed the financing needs of Florida Pottery with Bill Norris, former president of ANB, advising Norris that Florida Pottery required $650,000 in financing for proper capitalization. Yost testified that Norris advised that ANB's legal lending limit was $400,000, and that he [Norris] suggested a temporary loan of $400,000 from ANB until Norris could arrange a participation loan with Florida National Bank, so that the loan could be increased to $650,000. The counterclaim further alleged that ANB failed to obtain the participation loan, and Florida Pottery suffered losses resulting from undercapitalization caused by ANB's failure to fund. Count I of the counterclaim sought damages for lost profits and value, as a result of ANB's failure to fund. Count II sought cancellation of any instrument by which Yost and Miller might be liable to ANB, and an award of damages and costs.
It appears that the counterclaim in this case is a compulsory counterclaim as defined by rule 1.170(a), and in accordance with the tests articulated in Rudner v. Cabrera and City of Mascotte. The counterclaim arose out of the transaction forming the subject matter of ANB's claim, i.e., the action on the consolidated promissory notes. In addition, substantially the same evidence would support or refute the plaintiff's claim and the defendant's counterclaim.
We conclude that the severance of the counterclaim for a separate trial was an abuse of discretion. The counterclaim meets the criteria for a compulsory counterclaim, and ANB's claims regarding possible prejudice do not appear sufficient to warrant severance. Furthermore, there is no record support for those claims. Therefore, severance was inconsistent with the policy that "[i]t is in the interest of all litigants and the courts in cases where a dispute over a contract exists that all elements of the dispute be tried and resolved at one time." City of Mascotte, 444 So.2d at 967.
The second appeal was taken from the order granting the motion to dismiss appellants' amended counterclaim. However, the order was not final, but granted leave to amend. This second appeal is dismissed, because it was taken from a non-final, non-appealable order. See State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990); Chapman v. Universal Underwriters Insurance Company, 549 So.2d 679, 680 (Fla. 1st DCA 1989); Johnson v. First City Bank of Gainesville, 491 So.2d 1217, 1218 (Fla. 1st DCA 1986); Arcangeli v. Albertson's, Inc., 550 So.2d 557, 558 (Fla. 5th DCA 1989); White Palms of Palm Beach, Inc. v. Fox, 525 So.2d 518, 519 (Fla. 4th *354 DCA 1988); Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987).
Accordingly, we reverse the order which awarded final judgment to American National Bank without disposition of appellants' compulsory counterclaim. The appeal taken from the order ruling on American National Bank's motion to dismiss is dismissed, because the appeal is from a non-appealable order.
BOOTH and BARFIELD, JJ., concur.