932 F.2d 1378
 19 Fed.R.Serv.3d 1338
 MONTGOMERY WARD DEVELOPMENT CORPORATION, a Delaware
Corporation, Montgomery Ward & Co., Incorporated,
an Illinois Corporation, and Robert
Weigel, Plaintiffs-Appellants,
v.
Doris R. JUSTER, as personal representative of the estate of
Martin W. Juster, Interchange Associates, Royal Palm Savings
Bank, f/k/a Royal Palm Savings Association, and Federal
Deposit Insurance Corp., Defendants-Appellees.
 No. 90-3335.
 United States Court of Appeals,
Eleventh Circuit.
 June 7, 1991.
 
 1
 Earl E. Pollock, Chicago, Ill., Hala Mary Ayoub, Tampa, Fla., Douglas S. Lyons, Miami, Fla., for plaintiffs-appellants.
 
 
 2
 John L. Britton, Ft. Lauderdale, Fla., Marcy S. Resnick, Edward O. Savitz, Tampa, Fla., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Middle District of Florida.
 
 
 4
 Before HATCHETT and EDMONDSON, Circuit Judges, and PECKHAM*, Senior District Judge.
 
 PECKHAM, Senior District Judge:
 
 5
 Plaintiffs Montgomery Ward Development Corporation ("Montgomery Ward"), Montgomery Ward & Co., Inc. ("Montgomery Ward Corporation") and Robert Weigel ("Weigel") appeal a decision of the District Court for the Middle District of Florida dismissing the complaint in an action to reform a contract. The District Court decided that, under Florida's compulsory counterclaim rule, plaintiffs were barred from raising the issue of reformation of contract in federal court, following state court proceedings on underpayment of contractual obligations. Defendants appeal the decision of the court below, and also ask for a ruling on the applicability of a bar to appellant Weigel, who was not a party to the state court proceedings. We affirm the District Court with regard to all appellants except Weigel, and remand for a determination of the status of appellant Weigel.
 
 STANDARD OF REVIEW
 
 6
 The appropriate standard of review is whether the district court erred as a matter of law in dismissing appellant's complaint on the ground that it should have been presented as a compulsory counterclaim in a prior suit. Republic Health v. Lifemark Hospitals of Florida, 755 F.2d 1453, 1454 (11th Cir.1985). "A determination of whether a counterclaim is compulsory is not discretionary; rather, such a determination is made as a matter of law." Id.
 
 FACTS
 
 7
 The facts are as laid out in the opinion of the District Court. On October 1, 1971, Montgomery Ward and Floriland, Inc., owners of contiguous parcels of land, entered into a contract providing for an enclosed shopping mall to be built on this land. The contract, among other things, delineated rights and obligations regarding the maintenance of the common areas of the completed mall. The parties to this litigation are successors in interest to the two sides of this contract.
 
 
 8
 The contract, entitled "Reciprocal, Construction, Operating and Easement Agreement" ("RCOE"), provides that Floriland and its successors would maintain the common areas and in turn Montgomery Ward and its successor would make periodic payments to Floriland. On June 16, 1980 defendant Juster purchased Floriland's interest. After operating the mall for a year, Juster's accountant decided that Montgomery Ward was not paying the proper amount required by the contract for common area maintenance. Juster brought the suit in state court, claiming that Montgomery Ward owed more than it had been paying.
 
 
 9
 Paragraph 3.2 of the RCOE lays out the means by which the sum owed to Juster was to be determined. During the first five years of the agreement, the maintenance payment was limited to ten cents per square foot of gross leasable area in the Montgomery Ward store. After five years, a pro rata share of actual maintenance costs plus an additional maintenance payment calculated from the consumer price index were to be paid. Defendant Montgomery Ward argued that despite the contract language it was the clear intention of the contracting parties to limit Montgomery Ward's maintenance obligation to ten cents per square foot of the leasable area throughout the term of the RCOE, except that after five years the ten cents per square foot would be increased in proportion to any change in the consumer price index. At the crux of the disagreement, then, was whether paragraph 3.2 of the RCOE provided for a ten cent limit that extended beyond five years.
 
 
 10
 At trial, the judge found the relevant portion of the contract ambiguous, and allowed parol evidence to show the parties' original intent. The court then found that the intent of the parties was as claimed by Montgomery Ward, and denied Juster's claim that Ward owed more than they had been paying. On appeal, the Second District Court of Appeal rejected the trial court's ruling that the contract was ambiguous. Juster v. Montgomery Ward Development Corp., 496 So.2d 851, 853 (Fla.App.1986). As a result, the court ruled, it was error to introduce parol evidence of the parties' intent and so, on remand, the trial court was directed to enter judgment in favor of Juster according to the plain meaning of the contract.
 
 
 11
 Plaintiff-Appellants then brought the instant diversity action in the District Court to reform the contract. Federal jurisdiction was based on diversity. They argued that, since the state court had decided that the contract was not ambiguous and the parties intended the cost limitation benefitting Ward to extend beyond five years, then the wording of the provision was a mutual drafting mistake, and the contract should be reformed to reflect the original intent of the parties. Plaintiff-Appellants maintain that it was the intention of the parties that the ten cent rule would hold for the entire term of the contract, and that to refuse this interpretation would result in an enormous windfall to appellees, "far exceeding not only the amounts which the parties intended Montgomery Ward to pay as [common area] charges, but also the total common area maintenance cost of the entire mall." Appellants' Initial Brief, at 9.
 
 
 12
 Defendants opposed, on the ground that the prior litigation at the state level decided the issues and is controlling, effectively barring the relief that plaintiff-appellants claim. Defendants also argued that plaintiffs should have brought their action for reformation as a compulsory counterclaim in the answer in the state court litigation, and that their failure to do so constitutes a waiver of this claim. The District Court agreed with defendants, that the failure to raise the compulsory counterclaim barred the claim from future litigation.
 
 DISCUSSION
 
 13
 Two issues come before us on appeal. The first is whether a claim for reformation of a contract is barred from relitigation, following a state court judgment on the meaning of the contract with regard to underpayment of obligations under that contract. Appellees argue that the claim is barred as both a compulsory counterclaim, and as res judicata. Second, assuming the claim for reformation is barred from subsequent suit by the Montgomery Ward plaintiffs, the court must determine whether appellant Weigel, who was not a party to the state court proceedings, can properly bring the action anew.
 
 
 14
 We find that the claim for reformation of contract constitutes a compulsory counterclaim. Thus, we affirm the district court in holding that appellants are barred from bringing the action in federal court. However, we also find that appellant Weigel can only be barred as a successor in interest pendente lite, under the doctrine of lis pendens. Thus, we remand to the district court to determine the factual question of whether the requirements of lis pendens recordation under Florida law have been fulfilled.
 
 A. The Compulsory Counterclaim Bar
 
 15
 Whether failure to bring a compulsory counterclaim in a prior state court proceeding bars a diversity action on that claim in a federal district court, depends upon state law. Amey, Inc. v. Gulf Abstract & Title, Inc. 758 F.2d 1486, 1509 (11th Cir.1985), cert. denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912, reh. denied, 476 U.S. 1153, 106 S.Ct. 2267, 90 L.Ed.2d 712 (1986) (where first suit is brought in state court and the second suit is brought in federal court based on diversity, state law of res judicata applied); Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1503 (11th Cir.1984), cert. denied, 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985) (state law governs whether or not a state court judgment bars a subsequent federal diversity action under the doctrines of res judicata or collateral estoppel).
 
 
 16
 Florida Rule of Civil Procedure 1.170(a) incorporates Rule 13(a) of the Federal Rules of Civil Procedure into Florida law. This compulsory counterclaim provision states in relevant part:[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
 
 
 17
 Thus, a compulsory counterclaim is a defendant's cause of action "arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." Yost v. American National Bank, 570 So.2d 350, 352 (Fla.App.1990) (citing Mascotte v. Florida Municipal Liability Self Insurers Program, 444 So.2d 965, 966 (Fla.App.1983), pet. rev. denied, 451 So.2d 847 (Fla.1984)). A failure to raise a compulsory counterclaim in the first suit results in a waiver of that claim. Yost, 570 So.2d at 352.
 
 
 18
 The purpose of the compulsory counterclaim rule is to eliminate multiplicity of litigation. To this end, the Florida courts have opined that the rule should be given a "broad, realistic interpretation". Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400, 402 (Fla.App.1972). In Mascotte, the state court adopted the four-part "transaction or occurrence" test to determine whether a claim was compulsory:
 
 
 19
 (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
 
 
 20
 (2) Would res judicata bar the subsequent suit on defendant's claim absent the compulsory counterclaim rule?
 
 
 21
 (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
 
 
 22
 (4) Is there any logical relation between the claim and the counterclaim?
 
 
 23
 Mascotte, 444 So.2d at 966; Yost, 570 So.2d at 352. An affirmative answer to any of the foregoing questions would mean that the counterclaim is compulsory. Roberts v. National School of Radio and Television Broadcasting, 374 F.Supp. 1266, 1270 (N.D.Ga.1974).
 
 
 24
 Part four of the Mascotte test is of special significance. As the court noted in Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla.App.1981):
 
 
 25
 Obviously if the relationship between the claim and counterclaim satisfies any of these tests, it necessarily satisfies the logical relationship test ... It is when, as here, the issues of fact and law are not largely the same, when collateral estoppel or res judicata do not apply, and when the evidence to support the plaintiff's claim and the defendant's counterclaim is not the same that only the logical relationship test can be used.
 
 
 26
 Id. at 1164, n. 7. Thus, since every compulsory counterclaim must necessarily pass the "logical relationship" test, it is the test that we will apply in the case at hand.
 
 
 27
 Florida has accepted the same definition of "logical relationship", as that applied in this Circuit. "A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." Neil, 397 So.2d at 1164 (citing Revere Copper and Brass, Inc. v. Aetna Casualty and Surety Co., 426 F.2d 709, 715 (5th Cir.1970)). The aggregate operative facts that can act as a common basis for both claims have been broadly construed in Florida.[1]
 
 
 28
 There is little doubt that the claim for reformation of contract is logically related to the original suit, which claimed that Montgomery Ward had underpaid its obligations under the RCOE. That suit called for the state court to determine the amount of underpayment, and necessarily required the court to interpret the contract's terms. The claim for reformation arises precisely from the same transaction as the claim for underpayment under the contract, and rests on the same basis of aggregate operative facts.
 
 
 29
 Indeed, the Florida court has directly addressed this issue. In Mascotte v. Florida Municipal Liability Self Insurers Program, 444 So.2d 965 (Fla.App.1983), pet rev. denied, 451 So.2d 847 (Fla.1984), the trial court had before it a declaratory judgment suit regarding the interpretation of a contract, and ruled adversely to the City. This ruling was affirmed on appeal. After the appeal, the City moved for the supplemental relief of reformation of contract. The trial court dismissed the motion on grounds that the claim was barred as a compulsory counterclaim, and the appellate court affirmed. The appellate panel noted:
 
 
 30
 That matter should have been brought to the trial judge in the original suit. The relief sought is in the nature of a counterclaim and under these circumstances is a compulsory counterclaim. A compulsory counterclaim is one which must be raised by a defendant in the original suit or he will be forever barred from raising it. It is a defendant's cause of action arising out of the same transaction or occurrence as the plaintiff's action. Here the original suit was on the contract, an interpretation of it. The supplemental relief sought is also on the contract, a reformation of it.
 
 
 31
 Id. at 966-67. Appellants argue that Mascotte is not on point, since the request for declaratory judgment deals precisely with the question of contract interpretation. However, in a suit that calls for payment of obligations under a purportedly ambiguous contract, contract interpretation is also directly addressed. For this reason, we find that the case at hand must follow the same reasoning as that found in Mascotte. Accordingly, the District Court's opinion barring the claim for reformation of contract as a compulsory counterclaim is AFFIRMED.[2]
 
 B. Parties Barred From Bringing Suit
 
 32
 Appellants argue that the compulsory counterclaim bar cannot apply to appellant Weigel, since Weigel was not a party to the state court action. As noted above, Florida Rule 1.170(a) provides that
 
 
 33
 [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party ...
 
 
 34
 Since Weigel was not a "pleader", argue appellants, he does not fall within the bounds of the compulsory counterclaim bar.
 
 
 35
 Appellees, however, maintain that since Weigel could have been made a party to the earlier suit, he is bound by the compulsory counterclaim bar. We disagree. Appellant Weigel is not simply attempting to bring a claim anew on the ground that there are additional defendants whom he failed to previously join in a prior suit. Weigel was not the plaintiff in the previous Juster suit, but rather, a potential defendant.
 
 
 36
 Florida courts have held that where a plaintiff could have joined a party as a defendant in the prior suit had the counterclaim been urged, the bar still applied, and was not defeated by addition of that defendant by plaintiff. That is, where jurisdiction over the defendant existed in the prior suit, plaintiff cannot avoid the bar by simply not joining that defendant until the appeal. See Pesce v. Linaido, 123 So.2d 747 (Fla.App.1960) (in suit where liability alleged against appellee based upon doctrine of vicarious liability, and appellee was not a defendant in prior suit, compulsory counterclaim bar applied where appellee could have been added as a defendant); Cleckner v. Republic Van & Storage Co., Inc., 556 F.2d 766 (5th Cir.1977) (addition of defendant does not enable plaintiffs to avoid the Florida compulsory counterclaim rule, where defendant could have been added as a party in previous suit); Kinney v. Allied Home Builders, Inc., 403 So.2d 440 (Fla.App.1981) (where jurisdiction could have been obtained over defendant, plaintiff's failure to join it as a party does not excuse it from the requirement of having failed to assert its claim in the initial litigation between the parties).
 
 
 37
 In the instant case, unlike those cited above, Weigel was a potential defendant who was not joined in the prior action, and thus does not qualify as a pleader for purposes of the compulsory counterclaim bar. We do not find that appellant Weigel, who himself was not joined as a defendant in the state court suit, can be barred for the very reason that Juster did not join him. Since Weigel did not join in any pleading and had no obligation to join the Juster suit, he cannot be barred now by a failure to have done so.
 
 
 38
 Weigel, however, may still be barred under an alternate theory of lis pendens.[3] In Florida, "[a] purchaser pendente lite will be bound by the judgment or decree rendered against the party from whom he makes the purchase as much as though he had been a party to the judgment or decree himself." 35 Florida Jur 2d Sec. 2; Greenwald v. Graham, 100 Fla. 818, 130 So. 608 (1930); Doyle v. Tutan, 110 So.2d 42, 46 (Fla.App.1959). A purchaser pendente lite includes those purchasers of property involved in a suit until final judgment is rendered. 35 Florida Jur 2d Sec. 1; Marchand v. De Soto Mortg. Co., 149 So.2d 357, 359 (Fla.App.1963).
 
 
 39
 Weigel purchased Sixth Mont's interest in the property at issue during the pendency of the suit, and before judgment was entered. Sixth Mont executed the deed to Weigel for the interest in the property at issue on March 1, 1985, after commencement of the state court action, and recorded the transfer in Florida on April 23, 1985, after the trial's conclusion. It was not until six months after the execution of the deed that the state court entered its initial judgment, later reversed, and two and one-half years before the state court entered its final December 1987 judgment. Thus, Weigel did indeed become a successor in interest to the property pendente lite.
 
 
 40
 However, the doctrine of lis pendens ordinarily serves merely to notify prospective purchasers that any interest they may acquire will be subject to the decree finally rendered in the cause. 35 Florida Jur 2d Sec. 2; Intermediary Finance Corp. v. McKay, 93 Fla. 101, 111 So. 531 (1927). To this end, recordation of lis pendens notice of the institution of the proceedings is required by statute. Fla.Stat. Sec. 48.23.[4] The notice is ordinarily essential to the application of the rule of lis pendens, and without it, purchasers are "wholly unaffected by any judgment that may subsequently be rendered in the action." 35 Florida Jur 2d Sec. 5; Alfred H. Wagg Corp. v. F.L. Stitt & Co., 95 Fla. 748, 116 So. 637 (1928); Marchand, 149 So.2d at 359. Only actual or constructive knowledge of the pending suit on the part of the interested party may substitute for recorded lis pendens. 35 Florida Jur 2d Sec. 5; Ray v. Hocker, 65 Fla. 265, 61 So. 500 (1913); McAlister v. Salas, 485 So.2d 1333, 1335 (Fla.App.1986) (in absence of recorded lis pendens, if a third party purchaser takes title when aware of prior interest by pending litigation, notice bars third party's claim to property).
 
 
 41
 The court below did not resolve the factual question of whether lis pendens notice was given, or, alternatively, whether actual or constructive knowledge existed. Thus, we must remand to the United States District Court for the Middle District of Florida for a determination of this issue, and to enter judgment accordingly.
 
 CONCLUSION
 
 42
 We agree with the District Court that, following Mascotte v. Florida Municipal Liability Self Insurers Program, 444 So.2d 965 (Fla.App.1983), pet rev. denied, 451 So.2d 847 (Fla.1984), the claim for reformation of the contract constitutes a compulsory counterclaim, and is thus barred from relitigation in federal court. Appellant Weigel, however, can only be barred from bringing the reformation action as a pendente lite purchaser, where lis pendens was recorded or actual knowledge existed. Accordingly, the district court is affirmed in part and remanded in part for a determination of the factual issue of recordation of lis pendens or actual notice.
 
 
 43
 AFFIRMED in part and REMANDED in part.
 
 
 
 *
 Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 In Neil, for example, the Florida appeals court broadly construed the common basis from which the aggregate operative facts were drawn. Plaintiff was unsatisfied with an automobile paint job done by the garage, and attempted to leave without paying. A garage employee tried to prevent her departure, causing plaintiff to collide with other cars and the side of the garage while exiting. The garage sued plaintiff for damage to other vehicles. Plaintiff, in turn, sued for false imprisonment, assault and battery, and intentional infliction of emotional distress. The court ruled that the acts out of which plaintiff's claims arose were logically related to the garage's claim, and thus, plaintiff's claims were barred as compulsory counterclaims
 Only claims that do not arise from common operative facts are not logically related. For example, where plaintiff bought a tractor and sued for unsatisfactory performance, a claim by the manufacturer-defendant for nonpayment of notes on other purchased equipment is not a compulsory counterclaim. Shavers v. Massey-Ferguson, Inc., 834 F.2d 970 (11th Cir.1987). See also Republic Health v. Lifemark Hospitals, 755 F.2d 1453 (11th Cir.1985) (in suit focused on the narrow issue of the legal right to purchase, a new complaint that is wide-ranging, alleging antitrust violations, is not a compulsory counterclaim).
 
 
 [2]
 Appellees also raise the possibility that the District Court erred in deciding that reformation claim was not barred under the doctrine of res judicata. We decline to decide this question, however, since we find that, under the compulsory counterclaim doctrine, the reformation claim is effectively barred
 
 
 [3]
 Appellees maintain that Weigel is barred from bringing that action as a privy of Sixth Mont, under a theory of res judicata. However, we will not reach that question, since the Florida lis pendens doctrine supersedes the doctrine of res judicata in this case. "The primary source of the rules in substantive doctrine is reflected by the fact that the ordinary preclusion results may be superseded by recording acts, especially lis pendens statutes ..." C. Wright, A. Miller & E. Cooper, 18 Federal Practice & Procedure, Sec. 4462 (1981). Section 44 of the Restatement (Second) on Judgments provides in relevant part:
 A successor in interest of property that is the subject of a pending action to which his transferor is a party is bound by and entitled to the benefits of the rules of res judicata to the same extent as his transferor, unless:
 (1) A procedure exists for notifying potential successors in interest of pending actions concerning property, the procedure was not followed, and the successor did not otherwise have knowledge of the action ...
 Thus, the rules of Florida addressing pendente lite successors in interest govern Weigel's status in the instant matter, and not the state rules governing privies to claims which are res judicata. Florida's pendente lite rules, discussed below, are well-established in other jurisdictions. "At least as to a transferee who takes with notice of the pending litigation, ... the rule is well settled that he is bound by the subsequent judgment." C. Wright, A. Miller & E. Cooper, Sec. 4462.
 
 
 [4]
 Florida Statute Sec. 48.23(1) states:
 No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is ...