PER CURIAM.
We reverse because we conclude that the trial court erred in holding that a condominium association’s prior lien claims were not barred by a prior action involving the same parties and the same parcels of land.
The appellants initially filed actions foreclosing their mortgage rights on several condominium units. The association was joined in those actions and either failed to file a claim, or had its prior lien claims decided adversely. In essence, the appellants’ mortgage rights were recognized as having priority to the past lien claims of the association, and the appellants subsequently purchased legal title to the properties free of any past liens, including those of the association.
In the present action, the court held that the appellants had failed to demonstrate that the association’s past lien claims had actually been litigated in the prior ac *488 tions. We disagree that such a showing was necessary. The association was obligated to raise its lien claims in the prior action since it was joined in the action, and the very essence of that action was to resolve all claims against the real property involved. Cf. Yost v. American Nat’l Bank, 570 So.2d 350, 352 (Fla. 1st DCA 1990) (failure to raise a compulsory counterclaim constitutes a waiver of the claim).
We also agree with appellants that section 718.116(4), Florida Statutes (1985), would apply to any assessment liens filed by the association .to secure the collection of past rent or to pay for the prior purchase of the recreation lease. However, we are unable to determine on this record how the statute affects the parties here. We will leave that to the trial court upon remand.
Because we are reversing on the merits, we also reverse the award of attorney’s fees which was based, at least in part, upon the erroneous enforcement of the association’s prior lien claims.
Accordingly, we reverse and remand for further proceedings consistent herewith.
GLICKSTEIN, C.J., ANSTEAD, J., and HOY, JOHN J., Associate Judge, concur.