In re Stephen J. KRAVEC and
Deborah E. Kravec,
Debtors.

Harold Wahlman, Trustee of the Pottery Building Living Trust u/t/d 9/23/94, Harold L. Wahlman And Greta I. Wahlman, Plaintiffs,

v.

Robert E. Tardif, Jr., Trustee Of the Bankruptcy Estate of Stephen J. Kravec and Deborah E. Kravec, Defendants.

Bankruptcy No. 03–584–9P7.
Adversary No. 03–737.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

April 7, 2004.

Sanford M. Martin, Naples, FL, for Debtors.

Robert E. Tardif, Jr., Duncan & Tardiff, Ft. Myers, FL, for Trustee/Defendant.

Louis X. Amato, Louis X. Amato, PA, Naples, FL, for Plaintiffs.

### ORDER ON DEFENDANT/COUNTER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 17)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in the above-captioned adversary proceeding is "Defendant/Counter–Plaintiff's Motion for Summary Judgment," filed by Robert E. Tardif Jr. (Tardif), the Chapter 7 Trustee for the estate of Stephen and Deborah Kravec (Debtors). The contention of Tardif is that there are no genuine issues of material facts and based on the same, he is entitled to a judgment as a matter of law. The following facts as appear from the record are indeed without dispute and can be summarized as follows. A summary of the relevant pleadings and facts as established from the record are as follows.

Deborah Kravec, one of the Debtors is the daughter of Harold and Greta Wahlman. Prior to the filing of this bankruptcy case, she was the trustee of the Pottery Building Living Trust (Pottery Trust). Harold Wahlman, who originally named himself as trustee of the Pottery Trust, created the Pottery Trust in September of 1994. It is without dispute that the *res* of the Pottery Trust included certain real property described as follows: Lot 2 of the North Naples Industrial Park Subdivision, according to the Plat thereof recorded in Plat Book 13, pages 17 and 18, Public Records of Collier County, Florida (Property).

On October 11, 1999, Mrs. Kravec, as Trustee of the Pottery Trust, by Quitclaim Deed, deeded the Property to herself and her spouse, the Debtors. The Quitclaim Deed was recorded at OR Book 2609, Page 1780 in the Official Records of Collier County, Florida. Sometime thereafter, Harold Wahlman became the Trustee of the Pottery Trust.

On January 10, 2003, the Debtors filed their Voluntary Petition for Chapter 7. In due course, Tardif was appointed as the Chapter 7 Trustee. On February 11, 2003, the Debtors appeared for their Section 341 Meeting. On the same day, the Debtors executed a quitclaim deed attempting to transfer legal title of the Property to Harold L. and Greta I. Wahlman.

On July 2, 2003, Tardif initiated an adversary proceeding against the Wahlmans bearing Adv. Proc. No. 03–387, by the filing of a one-count Complaint seeking to avoid the post-petition transfer pursuant to 11 U.S.C. § 549 (the First Adversary Proceeding). In the First Adversary Proceeding, Tardif alleged in paragraph 5 that the Debtors were the legal owners of the Property.

On August 8, 2003, the Wahlmans filed Defendant's Answer to Trustee's Complaint, wherein they denied the allegation in paragraph 5 of the Complaint that the Debtors were the legal owners of the Property. Specifically, the Wahlmans averred as follows.

Defendant [Wahlmans] purchased the subject property on 12/19/89, receiving a Warranty Deed in the name of defendant only, and financing the property under a certain mortgage dated 12/19/89 and recorded in Official Records Book, 1493 Page 1712 of the Public Records of Collier County, Florida. At this date defendant is the owner of the subject property which still secures the described mortgage or a modification of that mortgage. Defendant has continuously owned the property and been responsible for the described mortgage since 12/19/89. No other person has owned any interest in the property during that period from 12/19/89 to this date.

¶ 5 of Defendant's Answer.

On September 5, 2003, Tardif filed a motion for summary judgment in the First Adversary Proceeding. Thereafter, the Wahlmans filed their Response, accompanied with several affidavits regarding the dispute of the ownership of the Property. In due course, this Court held a hearing to consider the motion for summary judgment. This Court entered an Order granting Tardif's motion for summary judgment and a Final Summary Judgment was entered in favor of Tardif and against the Wahlmans in the First Adversary Proceeding. It is without dispute that the Final Summary Judgment was not appealed during the applicable time and is therefore now a final and nonappealable judgment.

Now, on November 24, 2003, Harold Wahlman, Trustee of the Pottery Building Living Trust, u/t/d 9/23/94 (Wahlman Trustee) and the Wahlmans (collectively, the Plaintiffs) initiated this Adversary Proceeding by the filing of a three-count Complaint. In Count I, the Plaintiffs seek a determination by this Court regarding Tardif's interest in the Property. The Plaintiffs contend that the Property is not property of the estate in accordance with 11 U.S.C. § 541(d) because the Debtors only hold, if any, bare legal title. In Count II, the Plaintiffs seek a temporary and permanent injunction restraining Tardif from selling the Property. And, in Count III, the Plaintiffs seek declaratory relief with respect to Tardif's interest in the Property.

On December 29, 2003, Tardif filed Defendant's Answer and Affirmative Defenses and Counterclaim (Doc. No. 11). In his Answer, Tardif generally admitted and denied the allegations stated and set forth two affirmative defenses. The first affirmative defense is that the Plaintiffs are estopped from maintaining the action by virtue of the Final Summary Judgment rendered in First Adversary Proceeding between Tardif and the Plaintiffs. The second affirmative defense is that by virtue of 11 U.S.C. § 544, on the date of the filing of the bankruptcy case of the Debtors, Tardif was deemed to be a bona fide purchaser of the Property and as such his interest is superior to any other claimed interest in the subject property.

In the Counterclaim, Tardif seeks to avoid the claimed ownership and/or lien interest asserted by the Plaintiffs pursuant to 11 U.S.C. § 544(a)(3). In due course, the Plaintiffs filed their Answer to Counterclaim, generally denying and admitting the allegations plead (Doc. No. 14). Thereafter, Tardif filed the instant motion for summary judgment, which is the matter presently before this Court. In the motion for summary judgment, Tardif states that the facts are undisputed and that there are no genuine issues as to any of the material facts, and as a matter of law, he is entitled to the entry of a final judgment in his favor finding that he, as the Chapter 7 Trustee, is the legal and rightful owner of the Property claimed to be the *res* of the Pottery Trust. In his

motion, Tardif states that this adversary proceeding should have been filed as a compulsory counterclaim and therefore, the Plaintiffs are precluded from pursuing this adversary proceeding.

This Court has considered the argument of the respective counsels, reviewed the record, and the applicable law, and has determined that Tardif's motion for summary judgment should be granted.

Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The purpose of summary judgment is to determine if there are genuine issues for trial and for the moving party to demonstrate that it is entitled to judgment as a matter of law. *Banco Latino International v. Gomez Lopez,* 95 F.Supp.2d 1327, 1332 (S.D.Fla. 2000); *Mulhall v. Advance Security, Inc.,* 19 F.3d 586, 590 (11th Cir.1994). To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some doubt as to the fact of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has satisfied its burden of proof, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed facts to defeat the motion. Moreover, the nonmoving party must demonstrate that the moving party is not entitled to judgment as a matter of law. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ In this case, Tardif relies upon Federal Rule of Civil Procedure 13(a), the compulsory counterclaim provision that applies in adversary proceedings pursuant to F.R.B.P. 7013. This Rule provides in relevant part as follows:

> A pleading shall state as a counterclaim any claim which at that time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Florida courts have held that a compulsory counterclaim is a defendant's cause of action "arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Yost v. American Nat'l Bank,* 570 So.2d 350 (Fla.Dist.Ct. App.1990); *City of Mascotte v. Florida Mun. Liab. Self Insurers Program,* 444 So.2d 965 (Fla.Dist.Ct.App.1983), *rev. denied,* 451 So.2d 847 (Fla.1984); *Puff 'N Stuff v. Federal Trust Bank,* 945 F.Supp. 1523 (M.D.Fla.1996).

■ Florida courts use a "transaction or occurrence" test to determine whether a counterclaim is compulsory. The four prong test is as follows:

(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

(2) Would *res judicata* bar the subsequent suit on defendant's claim absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

(4) Is there any "logical relationship" between the claim and the counterclaim?

*Puff 'N Stuff*, 945 F.Supp. at 1530, *citing Mascotte*, 444 So.2d at 966. If any of these transaction/occurrence test questions are answered in the affirmative, the counterclaim in question is compulsory in nature. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir.1991).

Applying the foregoing test to the case at hand, this Court finds that the counts in this Complaint were compulsory counterclaims that should have been raised in the First Adversary Proceeding. Taking the questions in reverse order, it is without serious dispute that the claims asserted by the Wahlmans against the Tardif arise out of the same operative facts as Tardif's original claim. The Wahlmans assert that the Property, which was the subject of the First Adversary Proceeding, was not the Debtor's property to have originally conveyed. In fact, the Wahlmans denied the very allegation in the First Adversary Proceeding and filed affidavits to refute summary judgment. These same affidavits were filed in this adversary proceeding in an attempt to prevent summary judgment. In *Puff 'N Stuff*, citing to *Montgomery*, the court noted that "since every compulsory counterclaim must necessarily pass the 'logical relationship' test," the court would proceed directly to that element in its analysis. 945 F.Supp. at 1531. It is therefore, unnecessary to consider the balance of the questions posed.

This Court is satisfied that as a matter of law, the Plaintiffs should have raised their claims in the First Adversary Proceeding and the Plaintiffs are estopped from asserting the Property is not property of the estate. The record is clear that the Plaintiffs initially raised the issue of ownership of the Property by the filing of their answer and affidavits in the First Adversary Proceeding; however, the record equally reveals that this Court entered a final judgment in favor of Tardif and that the Plaintiffs did not appeal this judgment. This Court is satisfied that the Plaintiffs have waived their right to assert a compulsory counterclaim.

Having concluded that the Property is property of the estate, this leads this Court to the next question of whether Tardif as the Chapter 7 Trustee, and bona fide purchaser, can defeat an unrecorded equity claim, which has not been asserted in this case. Case law is clear that an unrecorded interest, which a bona fide purchaser has had no notice of, is inferior to the claim of the trustee, who retains the bona fide purchaser status. *In re Anderson*, 266 B.R. 128 (Bankr.N.D.Ohio 2001). In light of the foregoing, this Court is satisfied that Tardif is entitled to summary judgment and pursuant to 11 U.S.C. § 544, any claimed ownership and/or lien interest in the Property by the Plaintiffs is avoided.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendant/Counter–Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted. A separate Final Judgment shall be entered in accordance with the foregoing.